JOHNSON *vs.* CHRISTIE, sheriff, *et al.*

The comptroller-general is not authorized by law to transfer tax *fi. fas.* issued by him against wild lands on payment of the amount due thereon.

See concurrence of BLECKLEY, Justice.

Tax. Officers. Comptroller-general. Wild lands. Before Judge HOOD. Terrell Superior Court. May Term, 1879.

This was a rule *nisi* granted on petition of T. F. Johnson against S. R. Christie, sheriff of Terrell county. In his petition and amended petition the movant, Johnson, alleges that on the 18th day of February, 1878, and other days and times, he had duly assigned and transferred to him by W. L. Goldsmith, comptroller-general of the state of Georgia, two hundred wild land tax *fi. fas.*, issued against various lots of land in Terrell county, for which he paid to Goldsmith, as comptroller-general, $————, being the amount of tax due the state on such land and the accrued cost thereon. That he placed the *fi. fas.* in the hands of S. R. Christie, sheriff of Terrell county, who proceeded to levy and advertise the same for sale in terms of the law. That on or before the day of sale, various affidavits were filed with said sheriff, alleging that said lots were not wild lands, etc., as to ninety-seven of said *fi. fas.*, which he, as sheriff as aforesaid, failed to expose to sale, and upon which there is due and owing to movant $1,097.00, being the amount of tax and cost paid by him to the comptroller-general for the tax and accrued cost on said *fi. fas.* That the sheriff sold the other lots levied on under and by virtue of said *fi. fas.*, and that he has in his hands eight hundred dollars or other large sum arising from said sale.

By an amendment he alleges that he has paid to the state of Georgia the full amount of taxes due on each of said *fi. fas.*, and fifty cents cost charged by the comptroller general for issuing each of the same; that the *fi. fas.*, each and all of them, had been assigned to him, the said T. F. Johnson, by the comptroller-general, and that he had them duly recorded in Fulton and Terrell counties, within three months from the transfer thereof, and appends to his amended petition a list of the *fi. fas.*, the lots against which they issued, the amount of tax paid by him and the date of the transfer.

By another amendment to his petition movant sets forth that the *fi. fas.* were sold and transferred to him by W. L. Goldsmith, comptroller-general, with the guaranty that they

were valid, legal and binding liens on the lots of land set out in each of the *fi. fas.*, and that said lots were wild lands; and for the ninety-seven lots not sold he asked to be reimbursed not only the money paid for said *fi. fas.*, but the cost and expense incurred.

On motion of the solicitor-general, W. L. Goldsmith, comptroller-general, was made a party to the proceedings.

The sheriff's answer admitted the sale of the land, except the ninety-seven lots, and alleged a large number of the lots had been purchased by Johnson, the transferee, but not paid for; he also admitted that the *fi. fas.* had been placed in his hands by Johnson, and generally the matters set up in the petition for rule *nisi*.

On the hearing the court discharged the rule, and movant excepted.

GUERRY & PARKS, for plaintiff in error, cited Code, §891; acts of 1872, p. 75; acts 1874, p. 105.

JAS. T. FLEWELLEN, solicitor-general; D. A. VASON; S. D. IRVIN, for defendants, cited acts 1874, pp. 105, 106; Code, §891; Supplement to Code, §133; 73 Penn., 467; Cooley on Tax, 322, 323; 18 Grattan, 100; 9 Wallace, 320; 48 *Ga.*, 177; Code, §188; acts 1876, pp. 16, 30.

WARNER, Chief Justice.

Johnson, as the transferee of certain wild land *fi. fas.*, brought a rule against the sheriff of Terrell county, requiring him to show cause why he should not pay over to him the money in his hands arising from the sale of certain described wild lands for taxes. Upon the hearing of the rule the court decided that the transfer of the *fi. fas.* to the plaintiff in the rule was made without authority of law, and was therefore void, and discharged the rule, whereupon the plaintiff excepted.

It appears from the evidence in the record that the tax *fi. fas.* were issued by W. L. Goldsmith, comptroller-gen-

eral of the state, against certain described wild lots of land for the taxes due thereon, and that the tax due the state on said wild lands was paid by said Johnson to the comptroller-general, who thereupon transferred said *fi. fas.* to him after the tax due to the state had been paid, and the question is whether the comptroller-general had any lawful authority to do so.    The general rule is that when an officer performs an official act it must be affirmatively shown that he had the lawful authority to do that act, and this is especially so in regard to the execution of the tax laws of the state.    After the most careful examination, we have been unable to find any law which authorized the comptroller-general to transfer tax *fi. fas.* issued against wild lands, after the tax due thereon to the state has been paid to him by any person, and therefore we affirm the judgment of the court below discharging the rule against the sheriff.

Let the judgment of the court below be affirmed.

BLECKLEY, Justice, concurring.

As to whether the transfer by the comptroller-general to the plaintiff in error was valid or not, is a question on which I do not and need not, for the purposes of this case, express an opinion.    It was not as thoroughly argued at the bar as so difficult and important a question ought to be.    The general lien law of 1873 provides for tax liens, as well as many other liens, and then declares that "all liens provided for by this act may be assigned by writing."    Nor is it necessary to decide now whether a public officer can use a process to collect money, and then retain the money on account of an alleged defect in his authority to raise it.    See 56 *Ga.*, 290 ; 8 Gr'l'f R. 334.    Though the comptroller-general was made a party to the rule in the court below, he did not except to the judgment.    So far as Johnson, the plaintiff in error, is concerned, the judgment discharging the rule against the sheriff was, on the facts contained in the record, correct, for the following reasons :

1. The transferee of a *fi. fa.* against specific property is

not entitled to the surplus produced by an official sale of the property, over and above the amount of the *fi. fa.* and costs, but such surplus belongs to the owner of the property.

2. When two or more *fi. fas.* are proceeding *in rem*, each against different specific property, such as a lot of land, money produced by a sale under one of the *fi. fas.* cannot be applied to pay off any of the others. One lot of wild land assessed by the comptroller-general, is not chargeable with the taxes or costs due on another.

3. Where the comptroller-general has issued a *fi. fa.* for taxes against certain land as wild, the sheriff ought not to levy and sell, if the fact be that the land is not wild but improved.

On these grounds I concur in the judgment of affirmance.