FREEMAN, trustee, *vs.* HOLCOMBE, marshal.

After the taxes due to a city have been paid to it, and the *fi. fa.* therefor has been transferred to the party so paying, the power of the marshal as a collecting officer of the city is at an end, and he has no further control of the *fi. fa.* than to enforce it at the instance and for the benefit of the transferree. Hence, *mandamus* will not lie at the instance of a third party to compel him to again transfer the *fi. fa.* on receipt of the amount thereof.

Tax. Officers. Executions. *Mandamus.* Before Judge Stewart. Fulton Superior Court. April Term, 1881.

During the spring term, 1881, of Fulton superior court, James C. Freeman filed a petition for a *mandamus* requiring Wm. H. Holcombe, as marshal of the city of Atlanta, to transfer to him a tax *fi. fa.* issued by said city against John R. Wallace, and which was then in said Holcombe's hands for collection. The following is, in substance, the state of facts set out in said petition: The said tax *fi. fa.* was issued August 21st, 1875, for the taxes of said Wallace for the year 1875. On March 10th, 1876, it was regularly transferred by said Holcombe, as such marshal, to Wm. H. Venable, who was the owner when said petition was filed. On August 6th, 1877, said *fi. fa.* was levied upon a tract of land in Atlanta particularly described in the petition. This tract of land at the date of such levy was owned by the petitioner, and has ever since belonged to him. On May 7th, 1881, petitioner tendered to said Holcombe, as such marshal, in gold coin and legal tender notes of the United States, the amount due upon said *fi. fa.*, and requested said Holcombe, as such marshal, to transfer to him said execution. Said Holcombe, acting under the instructions of said Venable, refused to accept such amount so tendered and make such transfer, but, on the contrary, declared his purpose to collect said *fi. fa.* by the sale of the property levied on, and advertised the same to be sold, the first Tuesday in June, 1881. Peti-

tioner made in his petition a continuing tender of the sum due upon the execution, and prayed that the writ of *mandamus* might issue, requiring said Holcombe, as such marshal, to accept the money and make the transfer. A *mandamus nisi* was issued. On the hearing thereunder, the defendant moved to dismiss the petition. The motion was sustained and plaintiff excepted.

HENRY HILLYER ; MARSHALL J. CLARKE, for plaintiff in error.

HOPKINS & GLENN, for defendant.

JACKSON, Chief Justice.

This case presents the single question whether a *mandamus* should have been issued against the marshal of Atlanta requiring him to transfer a tax *fi. fa.* for city taxes to the applicant. The marshal had received the city tax due from W. H. Venable and transferred the tax execution to him, and we think that the judge of the superior court was clearly right in ruling that he had nothing further to do with it as the collecting officer of the city. The transferree had acquired by the transfer all the rights of the city to the *fi. fa.* The paper was his, as much as it had been before the city's, property, and it was for him thenceforth to enforce it.

Such is the plain provision of the act of 1872. Code, §891. It enacts that the " transferee shall have the same rights as to enforcing said execution and priority of payment as might have been exercised or claimed before said transfer." These words convey the title out of the city into the first transferree, and so far as the officer of the city for collecting taxes for it is concerned, his functions were at an end.

The section of the Code does not even make it necessary that the city's name be used ; if it did, it would be for the use of the transferree and merely nominal. All

that the marshal could be required to do is to levy and make the money on the *fi. fa.* as the levying officer of the city by order of the transferree, just as the sheriff would do in ordinary executions when transferred; and when that is done the execution is satisfied.   If the transferree wished to transfer it, that is another question, and would be his business, and concern him only.

Judgment affirmed.