SCOTT v. STEWART.    MIXON et al. v. HALE et al.

Though a majority of this court as now constituted do not think the decision in 64 *Ga.* 117, is sound, but believe the comptroller-general did have, and now has under the code, power to transfer tax *fi. fas.* issued by him against wild lands, upon payment to him of the amount due thereon, yet that decision will not be reversed.

July 7, 1890.

*Res adjudicata.* *Stare decisis.* Wild lands. Comptroller-general. The Scott case before Judge ROBERTS.

Wilcox superior court. March term, 1889. The Mixon case before Judge FORT. Dooly superior court. September term, 1889.

Actions of ejectment. In each, part of the chain of title of the losing party was a sheriff's deed founded on a wild land tax execution of the comptroller-general, transferred by him for value received.

C. P. CRAWFORD and MARTIN & SMITH, for plaintiffs in error.

J. L. BANKSTON, A. C. PATE, B. P. HOLLIS and E. A. HAWKINS, *contra.*

SIMMONS, Justice

The main and controlling question in each one of these cases is, that the trial judge held that the comptroller-general of this State had no power or authority to transfer a tax *fi. fa.* which had been issued by him against wild lands. Each of the judges in the court below who made these rulings followed the decision of this court in the case of *Johnson* v. *Christie,* 64 *Ga.* 117, wherein a majority of the court held that "The comptroller-general is not authorized by law to transfer tax *fi. fas.* issued by him against wild lands on payment of the amount due thereon." A majority of the court as now constituted do not think that decision is sound, but believe that the comptroller-general did have, and now has under the code of Georgia, power to transfer tax *fi. fas.* issued by him against wild lands, upon payment to him of the amount of taxes due thereon. But inasmuch as this decision was made nearly eleven years ago, and the bench, the bar and the people have acted upon it during all that time, and large property rights have doubtless been acquired and based upon said decision, we do not feel disposed at this late date to reverse it, and thus bring about confusion and litigation, and disturb titles and rights which have been based

upon and acquired thereunder. We think it is better to rest under this decision than to reverse it and produce litigation and confusion, and the destruction of rights which have grown up under it. Wells *Res Adj.* and *Stare Decisis*, §594, p. 543; Poulsen *v.* Portland (Oreg.), 1 Law. Rep. Annot. 679 (1888). For these reasons. we affirm the judgment in both cases.

*Judgment affirmed.*