RIVES *et al. v.* RIVES *et al.*    BURT *et al. v.* RIVES *et al.*

1. When the Supreme Court has before it both a main bill of exceptions and a cross-bill of exceptions, and the latter presents a question which is controlling upon the case as a whole, it will be disposed of first ; and if the judgment therein excepted to is reversed, the writ of error issued upon the former will be dismissed.
2. The plaintiffs in the present case did not allege facts entitling them to any of the relief for which they prayed.

Argued April 15, — Decided May 21, 1901.

Equitable petition.    Before Judge Reese.    Hancock superior court.    March 28, 1900.

*Hardeman, Davis & Turner* and *R. H. Lewis,* for plaintiffs.
*Hall & Wimberly* and *W. H. Burwell,* for defendants.

LUMPKIN, P. J.    An equitable petition was filed in the superior court of Hancock county by J. H. Rives and two others.    The defendants therein named were George S. Rives and Mrs. M. E. Rives, of that county, as executor and executrix of the will of George S. Rives, deceased ; Mrs. Frances W. Burt, as guardian of Miss Lily W. Little, Miss Little herself (these two being of Bibb county), and Thomas L. Reese, as ordinary of the county first named. The following embraces a substantial statement of so much of the contents of the petition as it is now material to consider : Petitioners are children, heirs at law, and legatees of George S. Rives, deceased, and the executor named is their brother.    In 1879 or 1880 the said Frances W., being then the widow of Joseph F. Little and

the administratrix upon his estate, received as such $11,200, to which she and Miss Little, her daughter, were entitled as his heirs. She loaned the entire sum to Baker & Co., an insolvent partnership, and because of its insolvency the loan was never at any time after the making thereof collectible, but was in fact a total loss to Little's estate. Subsequently Mrs. Little, by another marriage, became Mrs. Burt; and, having been appointed guardian of her said daughter, gave a bond as such in the sum of $12,000, which George S. Rives, deceased, signed as surety. Notwithstanding the facts with respect to the loan to Baker & Co., Mrs. Burt charged herself as guardian with one half of the $11,200; but as no part of the same was ever in her hands as guardian, or could have been collected after she became guardian, she was not, as such, properly or lawfully chargeable therewith. Mrs. Burt and Miss Little assert and claim that because of the suretyship of George S. Rives, deceased, upon the guardian's bond, his estate is liable to the ward for divers sums, including one half of the above-mentioned $11,200, with interest thereon, and she is threatening to bring suit upon the bond. George S. Rives, who is the managing executor of the testator's estate, has obtained from the court of ordinary of Hancock county an order authorizing him to settle Miss Little's demand by paying to her the sum of $7,000, and he has agreed to do so. The order just referred to was granted upon an ex parte application made by the executor, and without evidence other than his statement to the court that in his judgment it was to the best interest of the estate, in order to save litigation, that said sum should be so paid. When George S. Rives, deceased, signed the guardian's bond, he was insane and therefore incapable of executing any contract. "The said Geo. S. Rives, executor as aforesaid, admits that his father, the said Geo. S. Rives, was insane at the time he executed said bond, but sets up as a reason for his conduct in procuring said order of settlement that, as he had propounded the will of his father as executor, he was doubtful as to whether he could make said question of said bond being void by reason of the insanity of your petitioners' father. Your petitioners submit that this is no reason why he should pay said bond or any part thereof, and for him to do so would be a legal fraud upon your petitioners and the other heirs at law of your petitioners' father, and that it would be inequitable and unjust for him to do so." For the reasons stated, the testator's es-

tate is not liable on the guardian's bond.    Under the will of George S. Rives, deceased, " said executors are required to keep the estate together until the youngest child shall have reached his majority, but the will also gives said executors the right to pay off to the legatees under said will certain portions of said estate as they reach their majority.   · Your petitioners have reached their majority, but said executors refuse to account to them for any part of said estate, or to distribute to them any part thereof as contemplated· under their father's will, alleging as a reason therefor that they can not do so as long as said bond is outstanding against them.    Your petitioners charge that to keep them longer out of their patrimony under said will by reason of the fact that there is a bond outstanding upon which there is no liability, and upon which said managing executor admits there can be no liability by reason of the unfortunate condition of your petitioners' father's mind at the time he signed said bond, is inequitable and unjust."    The prayers of the petition were, for process; that " the said Geo. S. Rives and M. E. Rives, executors as aforesaid, be restrained from paying out said sum of seven thousand dollars ($7,000), or any other sum, to the said Lily W.. Little on account of said bond ;" that she " be enjoined and restrained from receiving said sum of money or any part thereof from said executors, and that she be enjoined and restrained from bringing any suit therefor whatever;   .   .   that said bond be delivered up and cancelled, so far as your petitioners' father's estate is concerned ;" and that petitioners have " such other and further relief as to the court may seem meet and proper."

Before the court finally passed upon a demurrer filed at the appearance term by Mrs. Burt and Miss Little, the plaintiffs amended their petition by alleging that "the obtaining of said order from the ordinary and effort to pay said seven thousand dollars is collusive between the said executors and the said Lily W. Little and those who were then representing her; that the same is a fraud upon the rights of your petitioners, and is contrary to equity and good conscience."    The grounds of the demurrer above referred to were as follows:    " 1st. That the petition referred to three papers, to wit: the guardian's bond, the will of George S. Rives Sr., and an order alleged to have been passed by the ordinary of Hancock county, authorizing George S. Rives, executor, to make a settlement of the demand of Lily W. Little against the estate of George S.

Rives; but neither of said papers is set out in substance in the petition, nor is the petition upon which the order was obtained from the court of ordinary set out in said petition, nor are copies of any of said papers attached as exhibits to said petition. 2. There is no equity in said petition. 3. There is a full and complete remedy at law for all the matters and things set up in said petition. 4. The petition does not pray substantial relief against any defendant residing in the county of Hancock, the only defendants against whom substantial relief is prayed [being] Frances W. Burt and Lily W. Little, who reside in the county of Bibb, State of Georgia, as shown by said petition." As will have been observed, the first ground of the demurrer presented the point that proper exhibits were not attached to the petition. "This was obviated by consent of counsel to the use of the documents in evidence which should have been attached as exhibits," leaving the three remaining grounds of the demurrer to be passed upon by the court. In other words, the first ground was waived. The court passed the following order: "The above-stated case having been set for hearing on this day, and the same coming on to be heard on the demurrer filed by Frances W. Burt and Lily W. Little, the two defendants who reside in Bibb county, it is, after argument had on the demurrer, ordered and adjudged that said demurrer be sustained and that the bill be dismissed as to the said two defendants, on the 3rd and 4th grounds of the demurrer." The plaintiffs sued out a bill of exceptions alleging error in sustaining these two grounds of the demurrer and in dismissing the petition as to Mrs. Burt and Miss Little. The defendants just named sued out a cross-bill of exceptions complaining of the refusal of the court to sustain the second, or general, ground of their demurrer. We find in the transcript of the record what purports to be a copy of the will of George S. Rives, deceased; but it should not be there, for a copy of that document never became a part of the petition. Besides, it is now well settled that in dealing with demurrers, nothing can properly be looked to but the pleadings. See *Anderson* v. *Hilton & Dodge Lumber Co.*, 110 *Ga.* 263, and cases cited. We shall pursue that course in the present instance.

It is proper to state just here that on the 26th of last March we rendered judgments dismissing the writs of error issued upon both bills of exceptions. In the transcript of the record first sent up,

the word "collusive," appearing in the above-mentioned amendment to the petition, was improperly written "conclusive." Our attention not having been called to this error, we thought the main bill of exceptions was prematurely sued out, because we did not regard the petition as making a joint case against all of the defendants, and consequently were of the opinion that when that bill of exceptions was certified the case was still pending in the trial court between the plaintiffs and the defendants other than Mrs. Burt and Miss Little. We dismissed the writ of error issued upon the cross-bill of exceptions, because of the affirmance of the judgment below resulting from the disposition made of the first writ of error. On the hearing of a motion to reinstate, the mistake in transcription was pointed out, and, upon the showing made by counsel for the plaintiffs in error in the main bill of exceptions, we concluded that, in failing to bring earlier to our knowledge the existence of this mistake, they were not in such laches as to relieve us of the duty of dealing with the case as it would stand upon a correct transcript of the record. Inserting the word "collusive" in the place of the word "conclusive," the petition, as amended, made a joint action against all the defendants. Therefore, under the rule laid down in *Sutherlin* v. *Underwriters' Agency*, 53 *Ga.* 443, and followed in *McGaughey* v. *Latham*, 63 *Ga.* 67, the plaintiffs were entitled to sue out their bill of exceptions, in order, by reversing, if they could, the judgment of dismissal, "to restore the joint action below." We have therefore set aside the judgments dismissing the writs of error, and are now disposing of the case upon its merits. As it really turns upon and is governed by the controlling question presented in the cross-bill of exceptions, we will deal first with it, pursuing, in so doing, the practice laid down in *Cheshire* v. *Williams*, 101 *Ga.* 814, and followed in *Jackson* v. *Warthen*, 110 *Ga.* 812, and the cases therein cited.

We think the court ought to have sustained the general ground of the demurrer. The petition does not allege the insolvency of either the executor or executrix, nor set forth any fact showing that the payment of the $7,000 to Miss Little would in the slightest manner interfere with the plaintiffs availing themselves of whatever right, if any, they have under the will of enforcing the payment to them of their legacies. Plainly, then, the plaintiffs made no case for an injunction. The payment of the $7,000 to Miss Little could in no way injure them, if George S. Rives and Mrs. M. E. Rives are

financially able to respond to any judgment against them which the plaintiffs may hereafter obtain on account of their legacies.　There is no hint in the petition that these two defendants are not so able. Nor does the petition make a case entitling the plaintiffs to a cancellation of the bond.　In view of the solvency of both George S. Rives and Mrs. M. E. Rives, which must be assumed, the plaintiffs have no more need of cancellation than of injunction.　That the executor and executrix were refusing to exercise in favor of the plaintiffs " the right to pay off to the legatees under said will certain portions of said estate as they reach their majority," and giving as a reason for so refusing " that they can not do so as long as said bond is outstanding against them," did not give the plaintiffs any substantial footing in a court of equity.　They by no means make it clear that they are entitled to interfere with the requirement of the will that the executor and executrix shall " keep the estate together until the youngest child shall have reached his majority," or compel the making of any advance payments upon their legacies.　Apparently, this is a matter within the discretion of the representatives of the estate.　But grant that the plaintiffs could maintain a present action for amounts due to them as legatees, certainly, if the allegations of their petition are true, the existence of the guardian's bond would not afford the executor and executrix even a shadow of a ground of defense.　According to these allegations, the testator was insane when he signed the bond; George S. Rives, executor, knows and admits this to be true; with this knowledge he fraudulently and collusively obtained an order authorizing him to pay Miss Little the $7,000; he is the managing executor.　Suppose the plaintiffs should sue for their legacies and make out a prima facie case.　What court, on the facts above stated, would tolerate a defense predicated on the fact that the guardian's bond was outstanding ?　To state this question is to answer it.　Furthermore, the plaintiffs do not, in their present proceeding, seek to compel an advance payment upon their legacies; and even if they did, neither Mrs. Burt nor Miss Little would be a necessary or proper party to the litigation, being in no way concerned with the question of the propriety of the refusal by the executor and executrix to make to the plaintiffs advances upon their legacies in accordance with the provisions of the will under which they claim.　We have therefore reached the conclusion that, under the facts pleaded, the plaintiffs

were *not*, so far as related to Mrs. Burt and Miss Little, entitled either to an injunction or to a cancellation of the guardian's bond; nor, indeed, to relief of any kind.

As the judgment we render on the cross-bill of exceptions necessarily brings about a final disposition of the case which is adverse to the plaintiffs in error named in the main bill of exceptions, and as a reversal of the judgment of which it complains would not in any manner benefit them, we shall not undertake to deal with the questions thereby presented.

*Writ of error on main bill of exceptions dismissed ; judgment on cross-bill of exceptions reversed. All the Justices concurring.*