### HILL *v.* GEORGIA STATE BUILDING AND LOAN
### ASSOCIATION, and *vice versa.*

1. An execution issued by a tax-collector for State and county taxes can not be lawfully transferred by the tax-collector in a county having a population of less than 75,000.

2. When a cross-bill of exceptions presents a question which is controlling upon the case as a whole, the Supreme Court will first consider and dispose of that question ; and if the judgment of the trial court with respect thereto is reversed, the main bill of exceptions will be dismissed.

Argued May 26, — Decided June 10, 1904.

Complaint for land. Before Judge Henry. Floyd superior court. November 25, 1903.

*Denny & Harris,* for Hill. *Seaborn & Barry Wright,* contra.

Совв, J. Prior to 1872 there was no law authorizing any officer to transfer a tax execution. *Smith* v. *Mason,* 48 *Ga.* 177; *State* v. *Wingfield,* 59 *Ga.* 202. In that year an act was passed which authorized "the officer whose duty it is to enforce" such an execution to transfer it to the party paying the same, and giving such transferee all the rights as to enforcing the execution and priority of payment as might have been exercised before the transfer. This act, with its various amendments, is now embraced in the Political Code, § 888. Upon what officer is imposed the duty of enforcing a tax execution? Is it upon the officer who issues the execution, or upon the officer who levies it? Executions are enforced by levy, and it would seem that the officer upon whom the duty devolved of enforcing an execution would be the officer who is authorized and required to levy the same. As a general rule, the tax-collector has no authority to levy a tax execution. The exception is in counties which contain a population of 75,000 or more. Political Code, § 958. Therefore, except in those counties, the authority to transfer a tax execution rests, not with the tax-collector, but with the sheriff or other officer who may be authorized by law to levy the same. In 1879, in the case of *Johnson* v. *Christie,* 64 *Ga.* 117, it was held by two Justices that the comptroller-general had no authority to transfer a tax execution issued by him against wild land. In 1890, in *Scott* v. *Stewart,* 84 *Ga.* 772, the decision in *Johnson* v. *Christie* was declared to be unsound by two of the Justices, but was nevertheless followed in a decision concurred in by the three Justices, upon the ground that the decision had been made nearly eleven years before, the bench, the bar, and the people had acted upon it during all that time, property rights had been acquired, and it was not deemed wise to overrule the decision and bring about the confusion and litigation incident to a change in the decision. The later decision was followed in *Horn.* v. *Johnson,* 87 *Ga.* 448. These decisions, are controlling, in principle, where the right of the tax-collector to transfer a tax execution is involved. We have not been able to find any direct ruling by this court to the effect that a tax-col-

lector can not transfer a tax execution, but this seems to have been tacitly recognized as the law since the ruling was made that the comptroller-general did not have this authority.    See, in this connection, *Freeman* v. *Holcombe*, 67 *Ga.* 337; *Fuller* v. *Dowdell*, 85 *Ga.* 463; *Wilson* v. *Herrington*, 86 *Ga.* 777; *Blalock* v. *Buchanan*, 114 *Ga.* 564.    The prevailing opinion among the bar and the people since the decision in *Johnson* v. *Christie*, which was rendered nearly twenty-five years ago, has been that no officer is authorized to transfer a tax execution except the officer who is clothed with the power to levy it.  · And even if the reasoning at the beginning of this opinion may not be to every legal mind altogether satisfactory, the reason for allowing the principle of the decision in *Johnson* v. *Christie* to now be operative bears upon us at this time with greater force than it did upon the court as constituted in 1890, when the decision in *Scott* v. *Stewart* was rendered.

In the case now before us, an action for the recovery of land, the evidence demanded a finding in favor of the plaintiff on the question of title, unless the defendant had succeeded in establishing a title derived through a tax sale.    The validity of the tax sale depended upon the question of whether a tax execution could be lawfully transferred by the tax-collector of Floyd county, a county having a population of less than 75,000.    Having reached the conclusion that this can not be done, the only legal result that could have been reached was a verdict for the plaintiff on the question of title.    While the court directed a verdict for the plaintiff on another theory of the case, and the defendant complains that the court erred in so doing, the plaintiff also by cross-bill complains that the court erred in admitting in evidence the sheriff's deed and the tax execution under which the levy was made, upon the ground that the tax execution had been illegally transferred; and in this ruling we think the court erred.    The execution and the deed should have been excluded from evidence.    As the point thus raised in the cross-bill is controlling upon the case, we have decided the question in the cross-bill first.    *Monroe* v. *Lippman*, 115 *Ga.* 164, and cit.    When a case is absolutely controlled by the decision of the assignments of error in the cross-bill, as will be seen from the case just cited, the usual practice has been to dismiss the writ of error on the main bill; the effect of the dismissal

being to allow the judgment complained of in that bill to stand affirmed. We see no reason for departing from this practice in the present case. All of the assignments of error except one refer to matters which are entirely immaterial under the view we have taken of the case. In the one assignment of error just referred to the defendant complains that the court, after having directed the jury to find in favor of the plaintiff on the question of title and mesne profits at the lowest proved amount, instructed them to find in addition that the defendant be subrogated to the rights of the transferee under the tax execution; the complaint being that there were no pleadings to authorize such a direction, nor were there proper parties before the court. This direction, as is apparent, was in favor of the defendant. The plaintiff is not complaining; and if the pleadings are not sufficient, and the court did not have before it proper parties, to authorize the direction, we would not reverse the judgment for this reason at the instance of the defendant. If this part of the verdict confers upon the defendant no rights, no harm has been done. If it has the effect to confer upon him any rights of which he does not desire to avail himself, he is at liberty to enter upon the records of the court a written renunciation of all rights under the verdict.

*Judgment on the cross-bill of exceptions reversed; writ of error on the main bill of exceptions dismissed. All the Justices concur.*