FITZPATRICK, survivor, *v.* ALFORD & COMPANY *et al.*

ATKINSON, J.  1.  All necessary parties, either in person or by counsel, acknowledged service of the bill of exceptions before it was filed in the court below.  The bill of exceptions contains enough to enable this court to ascertain the questions desired to be decided, and the motion to dismiss must be overruled.  *Gregory* v. *Daniel,* 93 *Ga.* 795 (20 S. E. 656) ; Civil Code, § 5569.

2.  A creditor of an intestate, claiming to be secured by bill of sale to certain property for advances, filed an equitable proceeding against the administrator and certain other creditors alleged to be asserting claims, some on cotton and some on mules, seeking to have the status determined and the rights of all parties decreed.  One of the defendants, alleged to have a claim to cotton as a purchaser, demurred to the petition, on the ground of misjoinder of defendants and causes of action.  Before a determination of the demurrer, an order was granted directing a sale of the mules by the administrator.  Later the demurrer was sustained, and the demurrant dismissed from the case.  After this a decree was taken between parties remaining in the litigation.  Still later, but before distribution, the administrator filed a petition in the nature of a bill to marshal the assets of the estate, alleged to be insolvent, making creditors of the decedent parties, including those claiming under the former decree, and the same person who had been alleged to be a purchaser of cotton, but had been dismissed from the former suit, he being now made a party on account of a general judgment, held by him as surviving partner of a firm, against the decedent.  Injunction was prayed.  On the hearing the court refused the injunction against the complainants in the former proceeding, directed the administrator to pay over the fund raised from the sale of a mule to them in accordance with the decree, and enjoined proceedings against the other funds.  The surviving partner last named excepted.  *Held,* that such interlocutory order was erroneous, in excepting from the injunction the complainants in the former proceeding and directing the funds to be paid to them on account of the decree.

(a)  The entry of a nunc pro tunc order in the first litigation, some months after the demurrer of the alleged purchaser of cotton had been sustained and he had been dismissed from the litigation, and after the entry of the decree in the case, in which order certain recitals were made as to an intimation of the court in regard to the demurrer filed, and statements by the demurrant as to having no claim in regard to the mules, said order not appearing to have been entered after notice, could not in the present case affect the status of the demurrant by way of estoppel on account of such recitals.

(b)  The evidence did not show an estoppel on the plaintiff in error as to the general judgment held by him as surviving partner.

*Judgment reversed.  All the Justices concur.*

MAY 11, 1910.

Injunction, etc.  Before Judge Lewis.  Morgan superior court. October 12, 1909.

34

*E. W. Butler,* for plaintiff in error.

*Samuel H. Sibley, M. C. Few, Percy Middlebrooks, F. C. Foster,* and *W. C. Thompson,* contra.