## GRAHAM *v.* THE STATE.

FISH, C. J.    1. Although the presiding judge had approved the brief of evidence filed with a motion for a new trial, yet where on the hearing of the motion counsel for the movant presented an amendment thereto, complaining of the admission of certain evidence, and the adverse counsel objected to the approval of a recital therein, and although counsel for the movant stated that his recollection was clear on the subject, while neither counsel for the respondent nor the judge was clear in his recollection, a reversal is not required because the judge sent for the official stenographer, had him to examine his notes, and corrected the recitals of the ground of the motion and the brief of evidence, as to the evidence in question, in accordance with the stenographic report as to the same.

2. Under the recitals of the ground for new trial set forth in such amendment and the note of the judge appended thereto, it can not be held that a reversal is necessary.

3. The evidence amply supported the verdict, and there was no error in refusing a new trial.    *Judgment affirmed.    All the Justices concur.*

MAY 11, 1910.

Indictment for rape.    Before Judge Worrill.    Early superior court.    January 26, 1910.

The commission of the offense was shown by the testimony of the prosecutrix, twelve years of age, corroborated in material particulars by evidence of the circumstances.    After the accused had made his statement at the trial, wherein he denied having had sexual intercourse with the girl, the solicitor-general called as a witness J. B. Chancy, and propounded to him the question: "Did you hear Sam Graham [the accused], before you, make a statement at the time there was being an investigation in this case?"  Upon an affirmative answer, the further question was asked: "Do you remember what he said?"    Objection was made "to the witness testifying anything about that statement made at the commitment trial, unless the State should first account for the original, which statement was supposed to have been taken down in writing."  This objection was overruled, and the witness was allowed to testify:    "He said he had intercourse with her by her consent.    He said he didn't

rape her. He said she give it to him." Error was assigned upon this ruling. As first drawn, the amendment to the motion for new trial, in which the facts touching the ruling were set forth, recited that Chancy was "the justice of the peace before whom the commitment trial of the defendant had been held." Upon motion of the solicitor-general, the court required this recital to be stricken before approving this ground as the motion, and required the words, "as justice of the peace," in connection with the testimony of Chancy as set forth in the brief of evidence previously approved, to be stricken therefrom so as to make the brief conform to the report of the testimony as made by the official stenographer, who was present and stated that he was careful in taking his notes and believed that he had reported the testimony of the witness accurately. Counsel for the movant stated that he was positive in his recollection that the witness did testify that he was a justice of the peace of the county. In a note appended to the motion the judge stated that when the solicitor-general asked the question objected to, the court supposed he had reference to a statement made by the defendant in a preliminary hearing before Chancy as a justice of the peace; but that the stenographer's report showed that the question, objection, and answer occurred as set out in the ground of the motion as approved.

*Glessner & Park,* for plaintiff in error, cited 97 *Ga.* 426.

*John C. Hart, attorney-general,* and *J. A. Laing, solicitor-general,* by *Reuben R. Arnold,* contra.