## HOLLAND *v.* HOLLAND.

GILBERT, J. "A bill of exceptions in which there is no attempt to assign error upon a judgment rendered by the court without a jury, except to state the contents of the judgment and add thereto the words, 'to which judgment of the court [the plaintiff in error] then and there excepted and now excepts and assigns the same as error,' does not comply with the

statutory requirement that alleged errors shall be plainly and distinctly pointed out." *Wheeler* v. *Worley*, 110 *Ga.* 513 (35 S. E. 639). The language used in the assignment of error in the present case, which is an exception to a judgment allowing temporary alimony, is almost identical with the foregoing, and does not present any question for determination by this court. We can not resort to the brief of counsel, filed in behalf of the plaintiff in error, to determine the nature of his complaint. *Kimball* v. *Williams*, 108 *Ga.* 812 (33 S. E. 994); *Collins* v. *Carr*, 111 *Ga.* 867 (36 S. E. 959); *Neal Loan & Banking Co.* v. *Wright*, 116 *Ga.* 395 (42 S. E. 715); *Binion* v. *Georgia Southern & Florida Ry. Co.*, 118 *Ga.* 282 (45 S. E. 276); *Jackson Banking Co.* v. *Maddox*, 127 *Ga.* 96 (56 S. E. 119); *Lyndon* v. *Georgia Ry. & El. Co.*, 129 *Ga.* 353 (58 S. E. 1047). Accordingly the writ of error is　　*Dismissed. All the Justices concur.*
　　　　　　　　　　No. 158.　May 17, 1917.
Writ of error; from Toombs.

*H. H. Elders,* for plaintiff in error. *Giles & Sharpe,* contra.