13920, 13921. LaGRANGE GROCERY COMPANY *v.* YOUNG & GRIFFIN COFFEE COMPANY; and *vice versa.*

1. The judge did not err in striking the amendment to the plea, praying for a rescission of the contract sued on, or in striking the fourth or final amendment, modifying the amount of damages claimed under the first amendment.
2. Dealing with the main bill of exceptions on the theory that the plea of the defendant was not wholly bad in substance, and that consequently the main issue is to be determined on the main bill rather than on the cross-bill of exceptions, the judge did not err in directing the verdict for the plaintiff, since, under the proof introduced or offered, no damages were shown such as could form the basis of a recovery under the plea of recoupment. Since the verdict was thus demanded, it is unnecessary to consider exceptions not dealt with above.

DECIDED MAY 21, 1923.

Complaint; from city court of LaGrange.— Judge Duke Davis. August 15, 1922.

*J. R. Terrell, Moon & Parham,* for LaGrange Grocery Co.
*Lovejoy & Mayer,* contra.

JENKINS, P. J. This was a suit on open account, to recover a balance due on the purchase-price of certain shipments of coffee. The defendant admitted the receipt of the goods and liability therefor at the price named in the petition, but by its plea as amended sought to set up by way of recoupment damages arising

from the plaintiff's alleged breach of certain alleged terms in the contract of sale, (1) in failing to give to the defendant the exclusive right of sale of the property in specified counties of the State; (2) in failing to furnish a salesman to work with the defendant's salesman at regular sixty-day intervals in the territory described; (3) in failing, with two exceptions, to advertise the property with the defendant's name appearing as the distributor in the newspapers published at all the county sites within the territory described; (4) in failing to place display advertisements in the windows of retailers in such territory; (5) in failing to send 100 coffee urns to be given away by the defendant as a trade inducement; (6) in failing to ship the goods promptly as agreed; (7) in failing to place bill-poster advertisements in the county-site towns in such territory. The defendant alleged that on account of the breach of the special agreements above set forth, it was damaged in a specified sum, for the reason that at the time the suit was instituted, it had on hand a stated amount of the coffee, which was then worth less than the cost price thereof in the amount claimed under the plea of recoupment. By the first amendment to the original plea it was alleged that the coffee thus remaining on hand could have been sold at the time it was received " or shortly thereafter " at a named price, had the plaintiff complied with its said agreements, and that its failure to do so caused the coffee thus to be left upon the hands of the defendant at its depreciated value. By a subsequent final amendment the defendant sought to set up that a part of this coffee was sold after the filing of the suit, so as to reduce the amount of damages claimed by the plea of recoupment to the sum finally named. The plaintiff demurred generally and specially to the plea of recoupment as first amended, and contended that the measure of damages therein set forth was vague, indefinite, and not such as could constitute the basis of a recovery. This demurrer was overruled. The defendant, by a second amendment, set up that prior to the suit it tendered back to the plaintiff, because of the plaintiff's breach of said promises and agreements, the unsold coffee as set out in the original plea, at the invoice price thereof, which tender, after consideration by the plaintiff, was refused on October 28, 1920. By this amendment the plaintiff did not undertake to set up a rescission of the

contract, but sought to recover the difference between the invoice price and the market value of the said coffee on the date of refusal, to wit, October 28. This amendment was allowed, and was not demurred to. The record fails to indicate, however, that any proof was either introduced or offered tending to show either the amount of coffee on hand or its market value on October 28, such as would constitute a basis for a recovery under this amended plea of recoupment. The defendant, by a third amendment, offered during the trial, sought to set up a rescission of the contract, and prayed for a decree annulling the same, alleging that the plaintiff, in making said special promises and agreements, acted fraudulently and in bad faith, in that it did not purpose and intend to comply with its obligations, and that on the discovery of such fraud the contract became rescinded and annulled upon the defendant's tendering back the unsold stock, as previously set forth. This amendment was demurred to by the plaintiff, the demurrer was sustained, and the amendment ordered stricken. After the introduction of evidence, a verdict in favor of the plaintiff in the amount sued for was directed by the court. The main bill of exceptions assigns error upon the overruling of the defendant's motion for new trial, including among other grounds an exception to the direction of the verdict, and also assigns error upon its exceptions pendente lite to the order striking its plea of rescission. The plaintiff, in its cross-bill, excepts to the overruling of its original demurrer to the plea as first amended.

On the trial of the case the defendant submitted evidence going to show a breach by the plaintiff of its said special promises and agreements, but after a careful examination of the record we are unable to find any evidence introduced or offered by which the amount of coffee remaining on hand and its value at the time the suit was brought could be ascertained. The defendant did not introduce or offer any testimony going to show the value of the services, the advertising, or the urns, which the plaintiff had agreed and failed to furnish; nor did it introduce or offer to introduce any evidence going to show any expenses incurred by it in performing these duties, which under the terms of the alleged contract were incumbent upon the plaintiff. It did not introduce or offer to introduce any testimony in support of its plea as originally amended, going to show how or when or at what price

the stock on hand could or would have been sold had the plaintiff complied with the terms of its agreement.

1. The judge did not err in striking the defendant's amendment, by which it sought to set up a rescission of the contract sued on, on account of the fraud of the plaintiff. The allegations, being merely to the effect that the plaintiff did not intend to perform its promises and agreements, did not set forth specific acts such as in law can constitute fraud. *Parrott* v. *Smith,* 135 *Ga.* 329, 332 (69 S. E. 552) ; *Jones* v. *Fuller,* 27 *Ga. App.* 84 (4) (107 S. E. 544) ; *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (3) (65 S. E. 315).

2. In our opinion the plaintiff's demurrer to the plea of recoupment as first amended should have been sustained, as was subsequently done with reference to the 4th amendment modifying it, since the plea was confined to an attempt to recover special damages (*Wright* v. *Smith,* 128 *Ga.* 432 (3), 57 S. E. 684), which were not such as could form the basis of a recovery. Civil Code (1910), § 4394; *Vischer* v. *Talbotton R. Co.,* 34 *Ga.* 536, 542; *Gore* v. *Malsby,* 110 *Ga.* 893 (2, 3) (36 S. E. 315) ; *Mountain City Mill Co.* v. *Cobb,* 124 *Ga.* 937, 939 (53 S. E. 458) ; *Orr* v. *Farmers Warehouse Co.,* 97 *Ga.* 241 (4) (22 S. E. 937) ; *Sanderlin* v. *Willis,* 94 *Ga.* 171 (3) (21 S. E. 291) ; *Williams Mfg. Co.* v. *Schofield's Sons Co.,* 21 *Ga. App.* 23 (2), 27, 28 (93 S. E. 527) ; *Thornton* v. *Cordell,* 8 *Ga. App.* 588 (4) (70 S. E. 17) ; *Twin City Lumber Co.* v. *Daniels,* 22 *Ga. App.* 578 (4), 581, 587 (96 S. E. 437). Were we to consider the entire plea as subject to general demurrer, the proper disposition of the case would be to reverse the judgment overruling the demurrer upon the plaintiff's cross-bill of exceptions, and to dismiss the defendant's main bill of exceptions, thereby affirming the judgment in favor of the plaintiff. *Martin* v. *Harwell,* 115 *Ga.* 156 (1), 157, 158 (41 S. E. 686) ; *Hill* v. *Ga. State Asso:,* 120 *Ga.* 472 (2), 474, 475 (47 S. E. 897) ; *Rives* v. *Rives,* 113 *Ga.* 392 (1) (39 S. E. 79) ; *Andrews* v. *Kinsel,* 114 *Ga.* 390 (1) (40 S. E. 300, 88 Am. St. Rep. 25) ; *Phillips* v. *Bridges,* 20 *Ga. App.* 489 (2) (93 S. E. 115). But dealing with the plea on the assumption that it was not totally bad in substance, especially in view of the second amendment, not demurred to, setting up an offer to return the unsold goods, and claiming by way of recoupment the difference

between the invoice price and the market price at the time of the plaintiff's refusal of such tender, the case will be determined upon the main bill of exceptions.

The verdict directed in favor of the plaintiff should be upheld, for the reason that, under none of the evidence introduced or offered, was there any proof of the amount of goods on hand and the market value thereof at the times alleged in the original and amended pleas of recoupment, to support the measures of damages thus actually claimed, nor any proof of any other damage sustained, which might have been alleged, such as could form the basis of a legal recovery under the evidence. Thus, under the original plea as first amended and subsequently sought to be modified by the fourth or final amendment, claiming the difference between the invoice price and the market price of the goods remaining on hand, there was not only an absence of proof going to show how or when or at what price such remaining stock could or would have been sold had the plaintiff complied with the terms of its agreement, but no proof was introduced or offered by which the amount of coffee and its market value thus remaining on hand could be arrived at; nor was any testimony introduced or offered in support of the second amending plea claiming the difference between the invoice price and the market price as of the date that the plaintiff is alleged to have refused the defendant's offer to return the goods,— October 28, 1920. The defendant having thus failed to submit any definite data by which the measure of damages could be arrived at on the basis of its pleas, and having failed to offer any testimony showing the value of the services, the advertising, or the urns, which the plaintiff had failed to furnish under its alleged contract, or any testimony showing any expenses incurred by it in performing such alleged duties, the verdict as directed for the plaintiff was demanded.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Stephens and Bell, JJ., concur.*