## THOMAS v. LESTER, guardian, *et al.*

HINES, J.  1.  An assignment of error upon a judgment sustaining a demurrer to the petition, in this language, "to which ruling plaintiff excepted, excepts now, and assigns the same as error, on the ground that the petition as amended did set forth a cause of action," is sufficient to present the real issue; and the writ of error will not be dismissed because the assignment of error is insufficient.  Civil Code, § 6183; *Anderson* v. *Newton,* 123 *Ga.* 512 (51 S. E. 508) ; *Fitzpatrick* v. *Alford,* 134 *Ga.* 529 (68 S. E. 102).  There is nothing to the contrary of what we now hold, in *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047) ; *Holland* v. *Holland,* 147 *Ga.* 32 (92 S. E. 538) ; *Rogers* v. *Rogers,* 150 *Ga.* 181 (103 S. E. 156).  In the two cases last cited, bald exceptions were taken to the judgment complained of, without assigning any reason.  In the instant case a reason is given why the judgment is erroneous.

2.  A tax fi. fa. can be transferred to a person who pays it off only by an officer whose duty it is to enforce it.  Civil Code, § 1145.  A constable can not levy a tax fi. fa., when the principal amount exceeds one hundred dollars.  Civil Code, § 1165.  It follows that the transfer by the constable of the tax fi. fa. in this case, which exceeded in amount one hundred dollars, was void, and the same could not be enforced by the transferee by levy and sale of the property of the defendant in the tax fi. fa.  *Johnson* v. *Christie,* 64 *Ga.* 117; *Hill* v. *Georgia State B. & L. Association,* 120 *Ga.* 472 (47 S. E. 897) ; *Thompson* v. *Adams,* 157 *Ga.* 42 (120 S. E. 529) ; *Cook* v. *Powell,* 160 *Ga.* 831 (12) (129 S. E. 546).

3.  Where security given for the loan of money which is used to pay off an encumbrance turns out to be void, although the person taking it expected to get good security, he will be subrogated to the rights of the holder of the lien which the money advanced is used to pay; and in such case the person advancing the money can not be regarded as a volunteer, there being no intervening equity to prevent subrogation.  This

rule applies where the security fails because of partial or total want of title in the person giving it, or where it fails of its purpose because of some defect in its execution, or because of want of authority or capacity in the person executing it. The doctrine of subrogation rests upon principles of equity and justice, and is intended to afford protection to a meritorious creditor, and to prevent the sweeping away of the fund or property from which in good conscience he ought to be paid. 25 R. C. L. 1343, § 26; *Wilkins* v. *Gibson*, 113 *Ga.* 31 (38 S. E. 374, 84 Am. St. R. 204); *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (4) (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244).

4. When a person at the instance of the defendant in a tax fi. fa., and under an agreement between them that such person shall pay off the fi. fa. and take a transfer thereof to secure him for the money so paid, pays the same to a constable who holds the fi. fa. for collection, ignorantly supposing that the constable is the proper officer to transfer the fi. fa., and takes from the constable such transfer, and where the constable delivers the money to the tax-collector, who turns the same into the county treasury, the person paying such money will be subrogated to the lien of the county and State for such taxes. This is not a case of a volunteer buying up a tax fi. fa.

5. The present action being brought to enforce the lien of the State and county for these taxes, to which the plaintiff became thus subrogated; and as such lien can be enforced within seven years from its accrual (Civil Code, § 1147), the present action was not barred, although it would be barred as an action for money had and received by the defendant in the tax fi. fa. from the plaintiff.

6. As the plaintiff did not acquire a valid transfer of the tax fi. fa., he is unable to enforce the collection thereof by levy and sale; and for this reason there is no adequate and complete remedy at law. To enforce his rights he has to resort to equity and the doctrine of subrogation, which rests upon principles of equity and justice.

7. Applying the above principles, the court erred in sustaining the demurrer to the petition. *Judgment reversed. All the Justices concur.*

*W. C. Munday* and *G. H. Cornwell,* for plaintiff.

*J. W. Culpepper,* for defendants.