## JOHNSON *v.* JOHNSON.

ATKINSON, J. In a suit for divorce and alimony a second verdict was returned, finding a total divorce for the plaintiff. The verdict also provided for removal of the disabilities of the defendant, and alimony for support of the child of the parties. The defendant made a motion for a new trial on the general grounds. A rule nisi was issued August 4, calling upon the respondent to show cause on the second Saturday in October why a new trial should not be granted. At the same time an order was granted providing for hearing the motion in the future, if it should not be heard at the appointed time. The order also

provided that the movant "shall have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence," and for filing the brief of evidence in the office of the clerk, either before the date of final hearing or within ten days thereafter. The case came on for a hearing on the 25th of the following February. At that time an amendment to the motion for a new trial was allowed, which alleged that the amount of alimony found by the verdict was excessive. At the same time the attorney for the movant submitted, for agreement of respondent's attorneys, a paper purporting to be a brief of the evidence. The attorneys for the respondent stated to the court that they could not agree, because the paper was defective in certain particulars. The court allowed further time for counsel to agree upon a brief of evidence. They could not agree, and on July 21 next ensuing, the judge formally approved the paper as a brief of the evidence and ordered it filed as a part of the record. The attorneys for the respondent then made a motion to dismiss the motion for a new trial, on the grounds: "1. That the brief of evidence tendered by the movant is not a brief of evidence according to the law and rules of the court. 2. That the evidence is not briefed as to the material parts, but the entire record of the oral and written testimony is included therein, the oral testimony being simply reduced to narrative form. 3. That the questions and answers and objections of counsel and the rulings of the court are included in the brief." The judge entered an order overruling the motion to dismiss the motion for a new trial. That order contains explanatory statements to the effect that the paper offered as a brief of evidence contained notations of "certain objections to evidence offered by both sides and the court's rulings on the same," and that these were stricken by the court. Three days later the judge entered a judgment on the merits of the motion for a new trial. In this it was stated that under the evidence $50 per month was "too much alimony" for the child. The judgment further provided that if, within fifteen days the plaintiff would write off the verdict and judgment $25 per month, a new trial was refused, but if she would not do so, a new trial was granted. The plaintiff refused to write off any part of the verdict, and on August 14 presented a bill of exceptions assigning error on the judgment granting a new trial, and on the judgment refusing to dismiss the motion for a new trial, and upon certain portions of the decree. *Held:*

1. The correct practice would have been to require the attorneys for movant to perfect the brief of evidence in accordance with the statute as embodied in the Civil Code (1910), § 6093, before approval; but where the brief of evidence tendered to the judge by the movant, improperly containing statements of objections by counsel to the admission of evidence and as to rulings of the court thereon, was nevertheless approved, such defects will not render the brief of evidence or motion for a new trial absolutely void. *Whitaker* v. *State*, 138 *Ga.* 139 (75 S. E. 254). On the hearing of the motion to dismiss the motion for new trial, and prior to ruling on the merits of the motion, such defects in the brief of evidence could be removed by the judge. Where after having removed the defects the judge overruled the motion

to dismiss the motion for new trial, the judgment will not be reversed. See *Graham* v. *State*, 134 *Ga.* 530 (68 S. E. 186).

2. The brief of evidence, after having been corrected as just stated, substantially complied with the statute.

3. The judge did not err in refusing to dismiss the motion for a new trial.

4. "The first grant of a new trial will not be disturbed by the Supreme Court, unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Civil Code (1910), § 6204. The grant of a new trial in a case for divorce and alimony is not an exception to this rule. *Butler* v. *Butler*, 168 *Ga.* 272 (147 S. E. 389). Under the pleadings and evidence in this case it does not appear that the judge abused his discretion in granting a new trial.

5. As the judgment granting a new trial is affirmed, the effect thereof will be to render the decree nugatory and make it unnecessary to rule upon assignments of error relating to the provisions of the decree.

*Judgment affirmed. All the Justices concur.*

No. 6799. September 10, 1929.

*Berry T. Moseley, John B. Gamble,* and *Shackelford & Shackelford,* for plaintiff.

*E. C. Stark* and *Pemberton Cooley,* for defendant.