23358.   GLASS *v.* BROWN *et al.*

DECIDED SEPTEMBER 22, 1934.

*John M. Seal,* for plaintiff.   *Talley Kirkland,* for defendants.

STEPHENS, J. The plaintiff in error, who was the plaintiff in the trial court,—the municipal court of Atlanta,—excepts to a judgment dismissing his motion for a new trial, and to the refusal of the court to require that the charge of the court be written out and filed as a part of the record. There are other rulings excepted to which were made more than fifteen days prior to the presentation of the bill of exceptions for certification, but which were not preserved by exceptions pendente lite. The defendant in error moves that the bill of exceptions be dismissed, upon the ground that the exceptions to the rulings made more than fifteen days prior to the presentation for certification of the bill of exceptions had not been preserved by exceptions pendente lite, and that there was no approved brief of the evidence. The motion for a new trial was dismissed upon the ground that there was no approved brief of the evidence and that no bona fide attempt had been made by the movant to present for the court's approval a correct brief of the evidence.

It is recited in the bill of exceptions, which has the approval of the trial judge, that when the motion for a new trial came on for a hearing on May 24, 1933, the plaintiff tendered a brief of evidence, that the motion, after several continuances, was heard on May 30, 1933, on which date the court passed an order dismissing the motion for a new trial upon the ground that there was no approved brief of the evidence. It is further recited that at the hearing the plaintiff "offered to amend or revise said brief of evidence in any way the court or counsel" for the respondents "might designate, and would do so if given an opportunity," that the "brief of evidence was left with the court on May 24, 1933, until the date of this bill of exceptions, and the court has not returned the same to [movant] with the request that [movant] or his counsel revise or change the same." The following appears from the order of the court dismissing the motion for a new trial: "The motion [meaning the motion for a new trial] was again sounded on May 24, 1933, at which time movant's counsel presented for approval a paper which he denominated a brief of the evidence, made without recourse to the reporter's notes. No attempt has ever been made to present the charge of the court for approval. I again continued the hearing until May 27, to give respondent's counsel and the court an opportunity to examine the purported brief of evidence, and on

the last-named date, when the motion was called, respondent's counsel made general objections to the approval of the brief submitted and subsequently moved orally to dismiss the motion for a new trial for want of an approved brief of evidence. I have examined the purported brief carefully and on May 27 I was not, and am not now, able to determine from memory what the evidence was, except I can remember that the brief omits much of the respondent's evidence material to the issue; but I can not supply the substance of the evidence thus omitted. This court is in session constantly and I have tried a great many cases since April 4; furthermore, as this case was reported, I did not charge my mind with the names of the witnesses or their testimony and could not at the final assignment of the motion for new trial for hearing settle from memory the disputes between counsel with reference to the brief. There being no approved brief of evidence of record, and there having been no bona fide attempt to present a correct brief of evidence for approval, the motion for new trial must be dismissed, and it is so ordered."

The bill of exceptions, which was presented for certification on the same day on which the judgment dismissing the motion for a new trial was rendered, namely, May 30, 1933, was certified to on this same date. In so far as the bill of exceptions contains an assignment of error upon the failure of the court to approve the plaintiff's tendered brief of evidence, and to the judgment of the court dismissing the plaintiff's motion for a new trial, it is in the following words: "To the judgment of the court refusing to approve said brief of evidence and to consider plaintiff's motion for a new trial the plaintiff excepted, and now excepts, and assigns said judgment and the refusal of the court to approve said brief of evidence, or to point out to plaintiff any objections thereto and allow him opportunity to amend and revise the same, as error, and says that the court erred in declining to approve said brief of evidence or to revise the same as the court desired."

■ Exceptions to rulings of the trial judge in the municipal court of Atlanta, Fulton section, must be made within fifteen days from the date of the ruling complained of. Ga. L. 1933, p. 290; *Dillon* v. *Continental Trust Co.*, 179 *Ga.* 198 (175 S. E. 652). Where exceptions thereto are not preserved by exceptions pendente lite, assignments of error thereon in a bill of exceptions presented for approval more than fifteen days after the date of the ruling

complained of can not be considered. Where the bill of exceptions, however, contains an exception to a final judgment,—as a judgment dismissing a motion for a new trial,—and is presented for certification, as in this case, within fifteen days from the date of the judgment dismissing the motion, this court has jurisdiction to entertain the bill of exceptions.

The only language in the bill of exceptions which may be considered as an exception to the judgment dismissing the motion for a new trial is contained in the assignment of error quoted, that "to the judgment of the court refusing to approve said brief of evidence and to consider plaintiff's motion for a new trial the plaintiff excepted," etc. The judgment dismissing the motion for a new trial is not here expressly excepted to. The exception is "to the judgment of the court refusing . . to consider plaintiff's motion for a new trial." It is provided in section 6183 of the Civil Code of 1910 that no case shall be dismissed "where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein." *Anderson* v. *Newton,* 123 *Ga.* 512 (51 S. E. 508) ; *Fitzpatrick* v. *Alford,* 134 *Ga.* 529 (68 S. E. 102) ; *Colquitt County* v. *Bahnsen,* 162 *Ga.* 340 (133 S. E. 871) ; *American Investment Co.* v. *Cable Co.,* 4 *Ga. App.* 106 (60 S. E. 1037). It can easily be ascertained from the language of the assignment of error and from the record that the judgment of the court of which the plaintiff complains is the judgment dismissing the motion for a new trial. It appears from the record that the only judgment by which the court refused to consider the plaintiff's motion for a new trial was the judgment of May 30, 1933, in which the court expressly dismissed the motion for a new trial upon the express ground of the absence of an approved brief of the evidence. The bill of exceptions, therefore, assigns error upon the judgment dismissing the motion for a new trial. This judgment is a final judgment, notwithstanding no approved brief of evidence was filed in the court below. It is one which may be reviewed by the Court of Appeals on a direct bill of exceptions. The assignments of error to the judgment refusing to approve a brief of the evidence and dismissing the plaintiff's motion for a new trial are based upon the ground that these judgments were error because the court failed, after the plaintiff had

614

presented to him a brief of the evidence, to point out to the plaintiff any objections therein, and to allow the plaintiff an opportunity to properly perfect the brief of the evidence.

The bill of exceptions contains a proper assignment of error upon a final judgment, and the court had jurisdiction to entertain it. The motion to dismiss the bill of exceptions upon the ground of insufficient assignments of error is overruled.

■ It appears from the record that the court by an order expressly "disapproved" the grounds of the plaintiff's amendment to the motion for a new trial. Only the grounds of the original or skeleton motion, which contained the so-called "general grounds," which are exceptions to the verdict and judgment as being unsupported by the evidence, could be considered. The charge of the court therefore was not material to a consideration of any assignment of error which was presented for consideration. For this reason alone there is no merit in the assignment of error upon the refusal of the court to require the charge to be written out and filed as part of the record. Of the other assignments of error, only those in which the judgments of the court refusing to approve the brief of the evidence and dismissing the motion for a new trial are excepted to were made within the time required by law, which in the municipal court of Atlanta, Fulton section, is fifteen days.

■ It appears from the recitals in the bill of exceptions, and in the order of the judge dismissing the motion for a new trial upon the ground that there was no approved brief of the evidence, that the movant in due time presented to and left with the trial judge for approval a brief of the evidence which the movant had prepared, that the judge refused to approve the tendered brief of evidence and failed and refused, after counsel for the movant had offered to amend or revise the brief of evidence in any way the court or counsel for the respondents might designate, to point out to movant the defects and inaccuracies in the tendered brief. It is the duty of the trial judge, when an incorrect brief of evidence is presented for approval, to call the movant's attention to the defects therein and·give him an opportunity to perfect it. Especially is this true where counsel for the movant, as appears from the record here, tendered and delivered the incorrect brief of evidence to the judge and offered to amend and perfect the brief in accordance with any suggestions the judge might make. Where this was done,

it was error for the trial judge to refuse to approve the tendered brief of evidence without suggesting the desired changes and giving counsel for movant an ·opportunity to perfect the brief of evidence in accordance with the court's suggestions. *Camp* v. *Curry-Arrington Co.,* 46 *Ga. App.* 17 (166 S. E. 428). See *Nixon* v. *Growers Finance Corp.,* 42 *Ga. App* 642 (157 S. E. 119).

No question is presented as to any alleged defect in the tendered brief of the evidence other than its failure to contain a correct statement of the evidence. It appears from the record that the tendered brief of the evidence was in proper narrative form, and, except as it may not have stated the evidence correctly, was in all respects a legal brief of evidence. See *Whitaker* v. *State,* 138 *Ga.* 139 (75 S. E. 254); *Johnson* v. *Johnson,* 169 *Ga.* 7 (149 S. E. 564). The court erred in dismissing the motion for a new trial upon the ground that there was no approved brief of evidence.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*