## GOSS *vs.* LORD.

Where a *certiorari* was taken from the judgment of a justice, assigning errors of judgment as to facts, without appealing to a jury in a justice's court, it was properly dismissed, on motion. 69 *Ga.*, 841; 70 *Ga.*, 723; *Sav., Griffin & N. A. R. R. vs. Holcombe, post.* . Judgment affirmed.

November 6, 1883.

HALL, Justice.

## THE SAVANNAH, GRIFFIN AND NORTH ALABAMA RAILROAD *vs.* . HOLCOMBE.

Where the issue in a justice's court is one of fact, appeal, not *certiorari*, is the remedy.   69 *Ga.*, 841; *Goss vs. Lord, supra.* Judgment affirmed.

November 6, 1883.

JACKSON, Chief Justice.

## DYSON *vs.* THE STATE OF GEORGIA.

1. The evidence fully sustains the verdict.
2. Jurors cannot impeach their finding by showing that the verdict was not fully, freely and unconditionally agreed to by them, and that it was made under a misapprehension as to the effect of a recommendation to mercy.
3. The newly discovered evidence in this case is cumulative and impeaching in its character, and might have been procured at the trial by the use of proper diligence.
4. A ground of a motion for new trial to the effect that the defendant was unintentionally prevented by accident from stating to the jury all that he desired or intended to state, is not sufficient, where it does not appear who prevented him from making such statement. In order to require a new trial, it should appear that this right was denied by the court.
   Judgment affirmed.