THE GEORGIA MIDLAND & GULF RAILROAD CO. *v.* CURRY.

The first grant of a new trial will not be reversed unless it plainly and manifestly appears that there was an abuse of discretion by the court below, and this court will not closely scrutinize the facts

in evidence or endeavor to balance with great exactness the testimony on both sides with a view to detecting an abuse of discretion by the trial judge. The exercise of that discretion in favor of granting new trials should be encouraged. There was no error in granting a new trial in this case.          *Judgment affirmed.*
August 27, 1892.

New trial. Before Judge BOYNTON. Spalding superior court. August term, 1891.

Curry sued the railroad company for damages, and the jury found for him $100 and costs. He moved for a new trial, which was granted, and the defendant excepted. The declaration alleged: On September 5, 1890, he was at defendant's depot in Griffin for the purpose of getting on board its cars to go to McDonough, at the time according to the schedule the cars were to leave. After waiting some time after schedule time for leaving, the cars were backed up to the depot for the purpose of taking on passengers. He attempted to get on board, and succeeded in getting upon the platform of the passenger-coach, when, without any notice or warning to him, the cars were jerked violently forward, and before he could prevent it he was thrown violently backward out of the rear end of the coach upon the ground, falling on his back and head, rendering him unconscious and endangering his life. After recovering his senses he found that he had been badly and permanently injured, the shock producing concussion of the brain, injury to the spinal column and other internal injuries. He was entirely without fault; the cars were standing still for the purpose of taking on passengers; several other persons were present, some of whom had preceded him into the coach, while others were standing outside waiting to get on. He is one-legged and compelled to use crutches, and for that reason is not as capable as other men of recovering his balance from any violent jerk as if in the possession of both limbs, even if he had had the chance to do so. The defendant's conductor was

present and had notice that passengers were getting on the cars. The defendant was grossly negligent in starting them off in such a violent manner and before plaintiff could possibly get inside the coach. He is a practicing physician, and at the time of the fall, with the exception of the loss of one leg, was in full possession of his bodily and mental powers, was enjoying fine health and had a large and lucrative practice from which he realized about $2,000 per annum. He has since been unable to attend to his duties as a physician and his other business, and has been prostrated in bed with intense pain and suffering. He is about sixty-one years old. The negligence of the defendant was so gross as to entitle him to punitive in addition to the other damages.

The grounds for new trial, in addition to those alleging that the verdict is contrary to law and evidence, are:

That the court refused to give the following in charge: "Before plaintiff can be required to exercise ordinary care for his own safety, he must have knowledge of the danger that he is placed in by the negligent act of the defendant, and a sufficient time to guard against the effects of that act."

That the court erred in charging the jury as follows: "The plaintiff, in order to recover, must show that he could not have avoided the injury by the exercise of ordinary diligence on his part," the same being matter of defence.

That the court erred in failing to charge the jury that in estimating the decrease in plaintiff's income by reason of approaching old age, they should take into consideration the character of the work he was engaged in, and whether or not his ability to earn money would be decreased as rapidly and to the same extent in that particular calling as in others, by reason of his approaching

old age; the same having been requested by plaintiff's counsel in the opening argument.

GOETCHIUS & CHAPPELL and BECK & CLEVELAND, for plaintiff in error.

BRYAN & DICKEN and W. A. BROWN, *contra.*