## HILL *v.* THE STATE.

| 91 | 153 |
|----|-----|
| 90 | 791 |
| 91 | 153 |
| 96 | 293 |
| 91 | 153 |
| 110 | 254 |
| 91 | 153 |
| 113 | 1151 |
| 91 | 153 |
| 126 | 578 |

1. As it affirmatively appeared in the showing for a continuance that the accused had other witnesses by whom he could prove the same facts which he expected to prove by the absent witness, and as the latter was brought into court under an attachment in time for his evidence to have been taken before the trial closed and he was not introduced as a witness, the refusal to grant a con-

tinuance on the ground of his absence is not cause for a new trial. *Allen* v. *The State*, 10 *Ga.* 86; *Anderson* v. *The State*, 72 *Ga.* 98.

2. Although the State has examined some of the jurors to uphold the verdict, public policy requires that none of the jurors shall be heard to impeach it, even in reply to those who have testified in its vindication.

3. Under all the competent facts in evidence by affidavits, there was no necessary cause for setting aside the verdict on the ground that one of the jurors was not fair and impartial. The statements imputed to him, as having been made before the trial, he did not remember, and his character as an upright and intelligent juror was fully vindicated. The statements, if made, indicate bias or prejudice against the accused, or a fixed opinion of his guilt, but under his explanation, they could be treated rather as rash and incautious remarks founded upon mere rumor and not expressive of any settled or permanent opinion which would not readily yield to evidence. Regarding the presiding judge as in the position of a trior of the juror's competency, it does not affirmatively appear that his decision was erroneous. That he ought to be so regarded, see *Ray* v. *The State*, 15 *Ga.* 223, and *Brinkley* v. *The State*, 58 *Ga.* 296.

4. There was evidence sufficient to justify the verdict, and there was no error in overruling the motion for a new trial.

February 13, 1893.       *Judgment affirmed.*

Before Judge Harris. Carroll superior court. October term, 1891.

Hill was convicted of the murder of Perkins, with a recommendation to life imprisonment. Exception was taken to the overruling of a motion for a new trial.

The motion complains that the court refused to continue the case on defendant's showing, that Gilbert Cole had been subpœnaed and was not absent by defendant's procurement or consent, that the showing was made in good faith and not for delay, that defendant expected to have the witness at the next term and to prove by him that one Harper testified at the coroner's inquest altogether differently from what he had sworn before the grand jury and from what his testimony on the trial was, and that defendant had other witnesses by whom he could prove the same facts. The court ordered attachments to issue for the defaulting witnesses. On the

hearing of the motion for new trial the State showed by affidavits of the sheriff and of Gilbert Cole that these attachments were served, and Cole and the other witnesses were brought into court before the evidence was closed; that Cole had never been served with any subpœna but was in attendance from the time the attachment was served on him until the evidence closed and the witnesses were discharged, was in the court-room during the progress of the trial and could have been sworn as a witness, but defendant's counsel did not offer to introduce him, nor did they or defendant ever tell him they wanted him as a witness.

One ground for new trial was that Roop, one of the jurors who tried the case, was not competent, and that this was unknown to defendant and his counsel until after the verdict was rendered. In support of this ground were offered the affidavits of two Howards, one Buthrim and one Phillips. For counter-showing the State produced, among others, affidavits by nine of the jurors who tried the case. Thereupon the defendant offered affidavits by three of the jury as a reply to this counter-showing. The court allowed the affidavits of these three to be read, but held that they could not be considered for the purpose of impeaching the verdict. Exception was taken to this ruling, the movant contending that when the State brought evidence to the jury to resist the motion, other evidence from the same source should be heard to disprove that offered by the State.

The affidavits of the Howards, Buthrim and Phillips were, in brief, that the juror Roop said, after the killing and before the trial, that the defendant was not fit to live, and to get justice would get his neck broken, that he ought to be hung, and that if he (Roop) was on the jury he would hang defendant. There were a number of affidavits that the Howards, Buthrim and Phillips were truthful and worthy of belief. The affidavits on

counter-showing were : (1) Of Roop, that when he went into the jury-box his mind was perfectly impartial and he had no fixed opinion or impression that would not have yielded rapidly to the evidence; that his answers to the questions on the *voir dire* were true ; that he had never heard any of the evidence delivered on oath, but only rumors as to how the killing occurred; that he does not remember to have made any such remarks as are attributed to him in the evidence of the Howards, Buthrim and Phillips; that if he ever made any such remarks they were based entirely on rumors of how the killing occurred and not from any settled conviction or prejudice or passion, and if the evidence on the trial had shown defendant to have been justifiable, or guilty of a less offence, he would have found accordingly; that his verdict was wholly uninfluenced by said expressions or the rumors he had before heard, and was his solemn and honest conviction of the truth of the matter after. hearing all the evidence; that his knowledge of defendant was very limited, he never having had any dealings with defendant that he remembers; and that when the jury retired to make the verdict, he had nothing to do with proposing the verdict rendered or any other verdict, but merely agreed to the verdict proposed by the foreman, honestly believing it the proper verdict under the evidence. (2) Of nine of the jurors, that the conduct of Roop was that of a fair and impartial juror, showing no prejudice against defendant, and that Roop's conduct did not influence the jurors to find otherwise than they would had not Roop been a member of the jury. (3) Of various persons, that Roop was honest, upright, intelligent and honorable, and any statement he might make would be entitled to the fullest credit. (4) Of a number of persons, that they were acquainted with the general character of Phillips, that it was bad, and from it they would not believe him on

oath.    (5) Of one Perkins, that he presented to Rigsby, one of the jury, a paper in the form of an affidavit, stating that the conduct of Roop during the trial did not affect the verdict of Rigsby; but Rigsby refused to sign it, saying he had made one affidavit in the case and would not make any more, and that he did not know what were the contents of the one he had signed.    The affidavits of the three jurors, offered to impeach the verdict, were:    (1) By Mabry, that he did not think, from the stand Roop took in the jury-room and his prejudice in the case and the remarks he made about defendant, "that he was not a fair and impartial juror" to defendant; that Roop told of defendant's conduct previous to the fight with the Perkins boys, and spoke in a manner which would lead any one to believe that he had malice against defendant, his remarks tending to make the jury think he was a very bad man; that Roop was the first man to say hang him, took an active part in the case and did all he could to have defendant convicted. (2) By Crutchfield, that as soon as the jury went to their room, Roop commenced telling about defendant's bad character, and said he was a bad man.    (3) By Rigsby, that when the jury went to their room to make their verdict, Roop told of defendant's bad character and about his playing cards on Sunday; and affiant thinks from the stand Roop took in the case he was prejudiced against defendant, from what he said about him.

W. M. MORRISON and H. C. JONES, for plaintiff in error.

J. M. TERRELL, attorney-general, and T. A. ATKINSON, solicitor-general, by REED & STEWART, *contra*.