## BOWDEN v. THE STATE.

EVANS, J. 1. As a matter of public policy, a juror can not be heard to impeach his verdict, either by way of disclosing the incompetency or misconduct of his fellow-jurors, or by showing his own misconduct or disqualification from any cause. Civil Code, § 5338; *Hill* v. *State*, 91 *Ga.* 154; *Coleman* v. *Slade*, 75 *Ga.* 63; *Dyson* v. *State*, 72 *Ga.* 206.

2. In view of the counter-showing made by the State, the trial judge did not err in holding that the juror whose disqualification the accused sought to establish was not so deaf as to render him incompetent to serve on the jury.

3. There was evidence warranting the conclusion that the accused suddenly approached the deceased with a gun and pointed it at him with intent to kill him in a spirit of revenge for a past grievance, real or fancied, and that the deceased thereupon attempted to draw his pistol in order to defend himself, but was shot down before he could do so. Accordingly, it was proper for the court to instruct the jury to the effect that if the killing occurred under these circumstances, the fact that the deceased undertook to draw his pistol could not be pleaded by the accused as a justification for the homicide, as the killing would be murder.

4. There was no abuse of discretion on the part of the lower court in refusing to grant a new trial on the theory that the verdict was unsupported by the evidence and was for that reason contrary to law.

*Judgment affirmed. All the Justices concur.*

Argued October 17,—Decided November 8, 1906.

Indictment for murder. Before Judge Lewis. Laurens superior court. July 24, 1906.

*Howard & Baker, Greene F. Johnson,* and *John R. Cooper,* for plaintiff in error. *John C. Hart, attorney-general,* and *Joseph E. Pottle, solicitor-general,* contra.