BUTLER *v.* BUTLER.

No. 6729. MARCH 14, 1929.

*B. H. Burgess,* for plaintiff.

*Robert C. W. Ramspeck* and *E. G. Jackson,* for defendant.

RUSSELL, C. J. Mrs. S. S. Butler filed suit for divorce and alimony against L. S. Butler, and on June 8, 1927, the jury returned the second verdict in the case, finding in favor of a total divorce and that both parties be permitted to marry again, and awarded to Mrs. Butler as permanent alimony "all equities in the house and lot and household and kitchen furniture, said house and lot known as No. 236 East Lake Drive, Decatur, DeKalb County,

Georgia. We further find in favor of plaintiff the sum of $40 per month permanent alimony, and the sum of $100 as attorney's fees." Upon this trial no contest was made as to the divorce. The defendant filed a motion for a new trial, based upon the general grounds and an additional ground complaining of the failure of the court to charge upon the subject of a partial divorce. The bill of exceptions recites: "Said motion came on for a hearing, and after argument the presiding judge made the following statement, to wit, 'The only ground I want to hear from you on is the amount of alimony defendant is to pay plaintiff each month. I think the amount is too much. If the plaintiff will agree to reduce the amount from $40 a month to $20 a month, I will deny the motion; if she will not agree to that, I will grant a new trial in this case.' Court was in session at that time, and the attorney for the plaintiff requested that he be given until the noon recess to confer with his client in regard to the statement of the presiding judge, which request was granted, and the attorney for the plaintiff was given until the noon recess on March 7, 1928, to make his decision. Said court, on March 7, 1928, took a recess for the noon hour from 12:30 p. m. to 1:30 p. m., a case being on trial at that time, and all attorneys not engaged in the case on trial having been excused at 12:00 m. until 1:30 p. m. It was not the intention of the judge to excuse the attorneys in this case. The attorney for plaintiff at 12:50 p. m. attempted to speak to the presiding judge, and said judge made the following statement, to wit: 'I can't talk to you now; I am preparing a charge.' Prior to this last statement and without hearing from the attorney for the plaintiff, and upon adjournment for noon recess, the following order was passed, to wit: 'The foregoing and within motion for new trial together with the amended motion for new trial, duly filed and allowed, coming on for a hearing, and after argument of counsel the same is hereby allowed and a new trial is hereby granted.' . . To this judgment of the court the defendant excepted and now excepts, and assigns error thereon as being contrary to law."

We do not think that the above facts show any abuse of discretion by the judge in granting a new trial.

*Judgment affirmed. All the Justices concur.*