## WILLIAMS *v.* THE STATE.

CANDLER, Justice. Thurman Williams and James Dunn were jointly indicted in the Superior Court of Bulloch County for rape. On a separate trial, Williams was convicted of the offense charged, without a recommendation, and sentenced to death by electrocution. His conviction was affirmed by this court on October 12, 1949. *Williams* v. *State,* 206 *Ga.* 107 (55 S. E. 2d, 589). On October 31, 1949, he filed an extraordinary motion for new trial. In support of the first ground of his motion, he attached an affidavit, signed by five of the twelve jurors who had convicted him. These affiants said: "After the court charged the jury, they retired to consider their verdict and during the discussion of the case in the jury room, Arnold Woods, a fellow juror, stated that as long as he had known the defendant and knew what he did about the defendant that he would sit in his chair until the termites ate the seat out from under him before he would agree on any verdict other than the electric chair." In support of the other ground, the movant attached an affidavit, signed by the same five jurors and also another member of the jury, who testified in substance and to the effect that, when they retired to consider their verdict, they did not know what disposition had been or would be made of the case against James Dunn, the codefendant; but after considering the case for several hours, and while at supper, information reached some of the jurors, from a source unknown to affiants, that James Dunn had filed a plea of guilty to the

offense of rape; that prior to the time this information was obtained, a majority of the jurors were in favor of finding the defendant Williams guilty of a lesser offense; but, after discussing in the jury room Dunn's plea of guilty, and acting upon the assumption that he would be sentenced to death, they agreed upon and returned a verdict of guilty without a recommendation against the defendant Williams. On a counter-showing made by the State, Arnold Woods, who was foreman of the jury, testified that he did not make the statement attributed to him by his fellow jurors or any other statement of like import; that he did not know the accused personally and knew nothing about the case before qualifying as a juror, other than a few rumors and briefs of news which commonly spread over the country when an offense is allegedly committed; that all statements which he made in the jury room about the accused and his case were based upon what he had heard from the witnesses who had testified on the trial of the case; and that, while serving as a juror, he did not know what had happened to the case against James Dunn, there being no discussion of it in the jury room or elsewhere, except some member of the jury during the course of their deliberations did state that he (Dunn) had virtually pleaded guilty in giving his testimony. Four of the other jurors testified that they did not know while serving as jurors in the instant case what had happened in the case of James Dunn; that they knew of no communication which was made to any member of the jury about his case; and that there was no discussion concerning the result of his case in the jury room or elsewhere. Stothard Deal, the Sheriff of Bulloch County, testified that he was personally in charge of the jury during their supper meal, and that no information was given to them by any one concerning the disposition of James Dunn's case. Other officers, who were likewise in charge of the jury, testified the same. The movant's extraordinary motion for new trial is not challenged as to form or as to any requirments of the Code; it is contested solely on the merits, and the exception here is to a judgment overruling it and refusing to grant the movant a new trial. *Held:*

As a matter of public policy, a juror will not be heard to impeach his own verdict, either by way of disclosing the misconduct of his fellow jurors or otherwise. Code, § 110-109; *Dyson* v. *State,* 72 *Ga.* 206; *Hill* v. *State,* 91 *Ga.* 153 (16 S. E. 976); *Bowden* v. *State,* 126 *Ga.* 578 (55 S. E. 499); *Peagler* v. *Huey,* 183 *Ga.* 677 (3) (188 S. E. 906); *Fowler* v. *Grimes,* 198 *Ga.* 84, 90 (31 S. E. 2d, 174); *Gossett* v. *State,* 203 *Ga.* 692 (5) (48 S. E. 2d, 71). The instant case falls squarely within and is therefore controlled by the rule announced above; and that being true, the trial judge did not err as contended in rendering the judgment complained of. *Judgment affirmed. All the Justices concur.*

No. 17032. APRIL 10, 1950.

*Kirkland & Lane, John F. Brannen,* and *Cohen Anderson,* for plaintiff in error.

*Walton Usher, Solicitor-General,* and *W. G. Neville,* contra.