## REECE *v.* THE STATE.

CANDLER, Justice. Pat Reece was indicted, by a grand jury in the Superior Court of White County, for murder, convicted of that offense without any recommendation, and was sentenced to be electrocuted. His conviction was affirmed by this court on June 11, 1951, and a motion for rehearing was denied July 10, 1951. *Reece* v. *State,* 208 *Ga.* 165 (66 S. E. 2d, 133). On September 15, 1951, he filed an extraordinary motion for new trial on two grounds. His first ground alleges that the verdict is illegal and void because Lester Shelnut and Robert T. Palmer, two of the jurors who convicted him, were legally disqualified and incom-

petent to serve because they were conscientiously opposed to capital punishment in murder cases, and did not know, when questioned on voir dire as to their respective qualification and competency as jurors, what the term "capital punishment" meant. The other ground alleges that the verdict is illegal and void because another juror, A. C. Helton, was likewise legally disqualified and incompetent to serve as a juror because he is a third cousin to the prosecutor, Andrew Fields, and therefore related to him within the degree of relationship prohibited by Code § 59-716. In support of the first ground, and as sole proof thereof, the movant attached to his extraordinary motion, and on the hearing of it introduced as evidence, separate affidavits by the jurors Shelnut and Palmer, in which they said in substance: that they were, at the time they qualified and served as jurors on the movant's trial for murder, conscientiously opposed to capital punishment for the offense of murder; that they did not know, when examined as to their qualification and competency as jurors for the trial of the movant's case, what the term "capital punishment" meant, and that, had they known the import and legal effect of their verdict, they would not have agreed to it. In support of the other ground, the movant likewise attached to his extraordinary motion, and on the hearing of it introduced as evidence, affidavits which tended to show that the juror Helton and the prosecutor Fields, because of the latter's marriage to Belle Helton, are and were at the time of the movant's trial related to each other by affinity within the sixth degree, as computed according to the civil law. As to this, the State made a counter-showing and introduced witnesses who testified that the juror Helton and the prosecutor Fields are not related in any degree to each other, by affinity or otherwise; and that the juror Helton and Belle Helton Fields, wife of the prosecutor Fields, are members of separate and unrelated families. The movant's extraordinary motion for new trial is not challenged as to form or as to any requirement of the Code; it is contested solely on its merits, and the exception here is to a judgment overruling it and refusing to grant the movant a new trial. *Held:*

1. It is well settled, as a matter of public policy, that a juror will not be heard to impeach his verdict by showing his own incompetency or disqualification. Code, § 110-109; *Bowden* v. *State,* 126 *Ga.* 578 (1) (55 S. E. 499); *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 552 (174 S. E. 131); *Peagler* v. *Huey,* 183 *Ga.* 677 (3) (188 S. E. 906); *Gossett* v. *State,* 203 *Ga.* 692 (48 S. E. 2d, 71); *Williams* v. *State,* 206 *Ga.* 757 (58 S. E. 2d, 840); and the several cases there cited. The case at bar falls squarely within and is therefore controlled by the rule announced above; and the motion to review and overrule the above-cited cases is expressly denied. But, since the jurors' affidavits in this case were admitted in evidence without objection, it is argued by counsel for the plaintiff in error that they have probative value as evidence and require the grant of a new trial. We do not think so. "The judge of the superior court has no legal power to receive or hear affidavits of jurors to impeach their verdict." *City Council of Augusta* v. *Hudson,* 94 *Ga.* 135 (21 S. E. 289).

2. When, as in this case, an extraordinary motion for new trial is made on the ground that the verdict is illegal and void because one of the

jurors rendering it was disqualified and incompetent to serve because he was related to the prosecutor within the degree of relationship prohibited by Code § 59-716, and on the hearing affidavits are introduced by the movant tending to establish the sufficiency of that ground, and, on a counter-showing made by the State, evidence is introduced to the effect that no such relationship existed, the judge passing on the motion becomes and is the exclusive trior of the fact in controversy, and this court will not interfere with his decision on that issue when there is any evidence to support his finding. *Buchanan* v. *State,* 118 *Ga.* 751 (9) (45 S. E. 607); *Berrong* v. *State,* 180 *Ga.* 622 (180 S. E. 105); *Garrett* v. *State,* 203 *Ga.* 756 (48 S. E. 2d, 377). In this case, the trial judge was fully authorized to find from the evidence that the juror and the prosecutor were not related within the prohibited degree, if at all.

3. It follows from what has been held in the two preceding notes that the trial judge did not err, as contended, in refusing to grant a new trial in this case on the movant's extraordinary motion therefor.

*Judgment affirmed. All the Justices concur.*

No. 17721. SUBMITTED JANUARY 15, 1952—DECIDED JANUARY 29, 1952— REHEARING DENIED FEBRUARY 14, 1952.

*Jack G. Tarpley, Herbert B. Kimzey, Irwin R. Kimzey, Kimzey & Kimzey,* for plaintiff in error.

*Eugene Cook, Attorney-General, Jeff C. Wayne, Solicitor-General, H. Grady Simmons, Assistant Attorney-General, S. O. Smith Jr.,* contra.