33927. BENNETT v. THE STATE.

CARLISLE, J. 1. Where, upon the trial of one indicted for murder, the evidence introduced by the State was uncontradicted that the defendant killed the person named in the indictment by shooting him in the head with a pistol; and the defendant, who introduced no evidence, admitted, in his statement to the jury, that he had killed such person, but contended that prior to the time he shot the named person, he and such person had engaged in a dispute during which the person killed had profaned him and had struck him, knocking him down, and had threatened to kill him, the evidence, together with the statement of the

defendant, authorized the verdict finding the defendant guilty of voluntary manslaughter. *Goldsmith* v. *State,* 54 *Ga. App.* 268 (187 S. E. 684), and cases cited.

2. When affidavits are offered in support of a ground of a motion for a new trial, complaining of irregularities in the conduct of jurors selected to try the accused, and a counter-showing is made that results in a conflict in the evidence, the trial judge must pass upon such evidence, and his findings will not be controlled unless it is made to appear that he has abused the discretion vested in him as trior of the issue thus presented (*Jones* v. *State,* 136 *Ga.* 157, 71 S. E. 6; *Marshman* v. *State,* 138 *Ga.* 864, 76 S. E. 572; *Shivers* v. *State,* 181 *Ga.* 557, 562 (4), 183 S. E. 489); and where no actual injury is charged or shown to have occurred by virtue of the jurors' being allowed, prior to the verdict, to occupy separate rooms in a hotel on the night prior to the day on which the verdict was rendered, or by virtue of the two bailiffs' having engaged in "general" conversation with some of the jurors, the presumption of injury arising upon a showing of irregularities in the conduct of jurors selected to try the accused may be rebutted (*Morakes* v. *State,* 201 *Ga.* 425 (3, 4), 40 S. E. 120, and cases cited at page 435); and where it appeared from the affidavit of all the jurors "that they did not, after having been impaneled and sworn in the case . . discuss the case with anyone other than among themselves, and that the discussions took place in a room provided for the jury . . and that they did not hear any person or persons . . at any . . time [while outside the jury box] express an opinion about the case or make any statement with reference to the case"—the trial judge did not abuse his discretion in finding that the State had carried the burden of showing that no harm resulted to the defendant, and in overruling special grounds 2 and 3 of the motion for a new trial.

3. Where in a ground of a motion for a new trial it is alleged that, "while in the course of discussion and deliberation of the issues of said case, and before any verdict was reached in said case, [one "and/or" two jurors] made in the presence of the other jurors impaneled, a biased and prejudiced statement, in substance as follows: 'Carlos Bennett [the defendant] is a bad character. Several years ago a government agent was checking his cotton acreage and Carlos Bennett became dissatisfied and ordered the Government agent off his land at the point of a gun,'" in support of which allegation affidavits were attached to this ground; but the State, by affidavits, makes a counter-showing denying that such statement was made—the trial court does not abuse its discretion in overruling special ground 1 of the motion for a new trial. As a matter of public policy, a juror will not be heard to impeach his own verdict, either by way of disclosing the misconduct of his fellow jurors or otherwise. Code, § 110-109; *Dyson* v. *State,* 72 *Ga.* 206; *Hill* v. *State,* 91 *Ga.* 153 (16 S. E. 976); *Bowden* v. *State,* 126 *Ga.* 578 (55 S. E. 499); *Peagler* v. *Huey,* 183 *Ga.* 677 (3) (188 S. E. 906); *Fowler* v. *Grimes,* 198 *Ga.* 84, 90 (31 S. E. 2d, 174); *Gossett* v. *State,* 203 *Ga.* 692 (5) (48 S. E. 2d, 71).

4. When the trial court's charge is considered as a whole, the errors assigned in special ground 5—that the court failed to charge correctly the form of the verdict in the event the jury should find the homicide to have been justifiable, and that the court should have charged, "If you

find the homicide justifiable then you will acquit the defendant, in which event the form of your verdict will be, 'We, the jury, find the defendant not guilty' "—are without merit. The court several times throughout its charge instructed the jury on the law of justifiable homicide, both as an affirmative and negative defense, and also instructed the jury that, if the homicide was found to have been justifiable, the defendant was to be found not guilty. The charge here does not contain the fallacies, to be found in the charges in *Farr* v. *State,* 83 *Ga. App.* 855 (65 S. E. 2d, 270), of restricting the defense of justifiable homicide to its negative aspects as a defense to murder and voluntary manslaughter; in *Brown* v. *State,* 208 *Ga.* 304 (66 S. E. 2d, 745), of failing to define justifiable homicide and of intermingling the only charge given on justifiable homicide with the charge on voluntary manslaughter; in *Fountain* v. *State,* 207 *Ga.* 144 (3) (60 S. E. 2d, 433), of failing to instruct the jury that, if the homicide was found to have been justifiable, the defendant should be found not guilty; and in *Powell* v. *State,* 101 *Ga.* 9 (29 S. E. 309), of restricting the defense of justifiable homicide to a situation where it was necessary for the person doing the killing to save his own life before the homicide could be said to be justifiable.

The trial court did not err in denying the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED APRIL 23, 1952.

*Boykin & Boykin, O. W. Roberts Jr.,* for plaintiff in error.
*Wright Lipford, Solicitor-General, Robert T. Tisinger,* contra.