## WELLBELOVED *v.* WELLBELOVED.

CANDLER, Justice. Alleging cruel treatment as his ground therefor, John R. Wellbeloved sued his wife, Margaret M. Wellbeloved, for divorce. Responding to the petition, the defendant denied the allegations of cruelty and, by way of cross-action, alleged that the plaintiff had wilfully deserted her and their four minor children. She prayed that no divorce be granted, and that she be awarded permanent alimony for herself and their minor children. The jury refused to grant a divorce, but awarded permanent alimony. Being dissatisfied with the verdict as a whole, the plaintiff in due time moved for a new trial, basing his motion on the usual general grounds and a special ground, which alleged that the verdict was illegal because two of the jurors agreed to it only after being led to believe that the plaintiff, on reapplication therefor, would be legally entitled to a divorce after the expiration of

six months if, during that period of time, he and the defendant were unable to reconcile their marital differences. A new trial was granted by an order which recites: "Considering the above-stated case in its entirety as disclosed by the record, the court is of the opinion that substantial justice makes another trial necessary, and the court therefore exercises its discretion in said matter." The defendant excepted. *Held:*

1. The first grant of a new trial will not be disturbed by this court, unless the plaintiff in error shows by the record that the judge abused his discretion in granting it, and that the law and the facts require the verdict notwithstanding the judgment of the trial judge. Code, § 6-1608; *Sparks* v. *Noyes,* 64 *Ga.* 437. "The first grant of a new trial will not be reversed unless it plainly and manifestly appears that there was an abuse of discretion by the court below, and this court will not closely scrutinize the facts in evidence or endeavor to balance with great exactness the testimony on both sides with a view to detecting an abuse of discretion by the trial judge." *Georgia Midland & Gulf R. Co.* v. *Curry,* 90 *Ga.* 250 (15 S. E. 751). See, in this connection, *Southern Railway Co.* v. *Ledingham,* 136 *Ga.* 374 (71 S. E. 663). Unless a case can be brought within the exception stated above, it is useless for parties to bring before this court a judgment granting a first new trial. *Murray* v. *Davidson,* 174 *Ga.* 213 (2) (162 S. E. 526). And the first grant of a new trial in a case for divorce and alimony presents no exception to this rule. *Butler* v. *Butler,* 168 *Ga.* 272 (147 S. E. 389).

2. As the case relates to divorce, the evidence submitted by the parties is in conflict, though preponderating strongly in favor of the defendant; and while it abundantly authorized a verdict refusing a divorce, it did not in our opinion demand such a verdict. There is some evidence, though slight, tending to show cruel treatment. So viewed, and applying the rule respecting the first grant of a new trial as announced in the preceding note, we hold that the plaintiff in error has not shown by the record that the judge abused his discretion in granting a new trial insofar as the verdict concerns divorce. "This court will never interfere with the first grant of a new trial where there is any evidence at all upon which a different verdict could be sustained." *Graham* v. *Eastman,* 75 *Ga.* 889.

3. As the case relates to alimony, it cannot be said as a matter of law, under the law and facts of this case, that the amount awarded for permanent alimony was the only amount which the jury could have possibly found therefor. See *Weinkle* v. *Brunswick & Western R. Co.,* 107 *Ga.* 367 (33 S. E. 471), and *Baker* v. *McGarr,* 187 *Ga.* 533 (1 S. E. 2d, 403). In this case a verdict was rendered awarding a specified amount as permanent alimony for the defendant and the minor children of the parties; and it cannot be said as a matter of law that a verdict for that exact amount was demanded by the evidence. This being so, the judgment granting a first new trial on the issue of alimony will not be reversed by this court. To do so would be an unwarranted interference with the discretion which the law gives to the trial judge in such matters.

4. It is settled beyond all possibility of dispute that a juror will not be

heard to impeach his verdict. Code, § 110-109; *Williams* v. *State,* 206 *Ga.* 757 (58 S. E. 2d, 840), and citations. In support of the special ground of his motion for new trial, the movant submitted affidavits from two of the jurors impeaching their verdict. This special ground of the motion was wholly without any merit, and was, therefore, no cause for nullifying the verdict. In passing upon a motion for new trial, the trial judge has no power to receive, hear, or consider affidavits of jurors submitted for the purpose of impeaching their verdict, though submitted without objection. *Reece* v. *State,* 208 *Ga.* 690 (1) (69 S. E. 2d, 92). That a juror will not be heard to impeach his verdict is too plain to be misunderstood by the bench or the bar.

5. For the reasons stated in 1, 2, and 3 above, the plaintiff in error has not shown that the judgment complained of is erroneous.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating. Wyatt, J., concurs only in the judgment.*

No. 18154. ARGUED MARCH 9, 1953—DECIDED APRIL 14, 1953.

*Charles L. Sparkman,* for plaintiff in error.

*Emanuel Lewis, Julius S. Fine* and *Lewis, Wylly & Javetz,* contra.