## 36016. PARKER v. WALLER.

QUILLIAN, J. 1. In an action for damages brought against an insurance corporation, counsel for the plaintiff exercises sufficient diligence to ascertain whether the jurors are stockholders or related to stockholders by moving for the court to purge the jury of the corporation's stockholders and their relatives, though no request is included in the motion that the jurors be interrogated as to the manner in which they acquire stock in the corporation. It is not necessary to ask that the court ascertain from the jurors as to whether such stock was obtained by virtue of its owners holding a dividend sharing certificate or policy of insurance issued by the corporation. Stock in a corporation is a right to participate in the distribution of its earnings, and in some but not all instances, to share in its assets upon its dissolution. By whatever form of certificate or instrument the right is evidenced is immaterial in determining the status of the juror as a stockholder of the corporation.

2. A ground of motion for new trial predicated upon facts not appearing from the record, and the verity of which is not shown by competent evidence is incomplete and cannot be considered. A ground of such a motion complaining of the disqualification of a juror by reason of his interest in the result of the case, is not supported by proof when the only evidence of the juror's interest is shown by his affidavit, assuming that the affidavit did show interest. The doctrine is well established in our State courts that a juror cannot in any manner impeach his verdict. *Reece* v. *State*, 208 *Ga.* 690 (1) (69 S. E. 2d 92).

3. The movant in the instant case having abandoned all grounds of his motion for a new trial except those based upon the disqualification of the juror and shown only by the juror's testimony, the trial judge properly dismissed the motion.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED JANUARY 25, 1956.

*Wm. P. Trotter*, for plaintiff in error.

*Wyatt & Morgan, Powell, Goldstein, Frazer & Murphy, C. B. Rogers, Edward E. Dorsey*, contra.