## 54001. ALLEN v. THE STATE.

McMurray, Judge.

Defendant was indicted and convicted of aggravated assault with intent to rape. Defendant appeals. *Held:*

1. The state's evidence shows that defendant gained entry to the home of the 80-year-old victim by requesting

to use her telephone. The telephone was in the victim's bedroom. After making this telephone call the defendant threw the 80-year-old victim down on the bed with his hands at her neck choking her. Defendant then began pulling at the victim's dress and was pulling the victim's dress up when another member of the household entered and drove the defendant away. On appeal the verdict must be affirmed, "if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty." *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Cohran v. State,* 141 Ga. App. 4, 5 (1) (232 SE2d 355). Here there is considerable evidence of the assault and the attempt to pull up the victim's dress is sufficient to support an inference of intent to rape.

There is no merit to defendant's contention that the evidence presented was insufficient to support a verdict of guilty.

2. During the trial defendant took the stand on his own behalf and testified that he had "been staying at the Salvation Army transient on Meigs Street." On cross examination he was questioned regarding a statement made to a woman at the Salvation Army location. Defendant testified that he did not recall making the statement. The woman was sworn as a rebuttal witness in an effort to impeach defendant by showing a prior inconsistent statement. The defendant now contends that allowing the testimony of this woman was error, but despite the assertion that counsel strenuously objected to her testimony, a thorough examination of the record reveals no objection to the testimony but to the manner in which he had talked to this witness. This objection was sustained, and the district attorney reworded the question as to what was defendant's condition at that time. No objection was made at the trial as to the testimony having no impeachment value, and this issue may not be raised for the first time on appeal.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED MAY 23, 1977 — DECIDED JULY 6, 1977.

*J. H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.