## 32995. PRESNELL v. THE STATE.

JORDAN, Justice.

Upon the appeal of this case *(Presnell v. State,* 241 Ga. 49 (243 SE2d 496) (1978)), we affirmed defendant's convictions of kidnapping, murder and kidnapping with

bodily injury and the imposition of the death penalty for murder. Pursuant to *Drake v. State,* 239 Ga. 232 (1) (236 SE2d 748) (1977), we set aside the defendant's conviction for forcible rape and directed that sentence be imposed for statutory rape.

The Supreme Court of the United States granted certiorari and reversed as to the conviction for kidnapping with bodily injury and the death sentence for murder. That Court denied certiorari as to the convictions for murder, kidnapping and statutory rape. The case was remanded for further proceedings. Presnell v. Georgia, —U. S. — (99 SC 235, 58 LE2d 207) (1978).

As mandated by the United States Supreme Court we vacate our affirmance of the appellant's conviction for kidnapping with bodily injury and the death sentence for murder. At the same time we vacate Division 1 of our opinion which affirmed the convictions but which seemingly held that aggravated sodomy was not bodily injury within the meaning of the crime kidnapping with bodily injury.

We therefore restate Division 1 of the opinion as follows:

1. The appellant was convicted and sentenced for crimes against two female children, the younger of whom was killed, as follows:

a. Simple kidnapping of the younger child with a sentence of twenty years in prison.

b. Murder of the younger child with a sentence of death, the aggravating circumstance supporting the death penalty was the capital crime of kidnapping with bodily injury, aggravated sodomy, of the older child.

c. Kidnapping with bodily injury, aggravated sodomy of the older child with a sentence of death, the aggravating circumstance supporting the death sentence was the rape of the older child.

d. Rape of the older child with a sentence of death, the aggravating circumstance supporting the death sentence was the murder of the younger child.

The jury verdict as to the rape of the older child, because of the trial court's instruction and the form of the jury's verdict, must be construed as a finding of statutory rape, *Drake v. State,* 239 Ga. 232 (1), supra. Statutory rape

is not a capital crime in Georgia, therefore the death penalty for rape of the older child is not authorized and it is vacated but the conviction is affirmed with directions that the trial court sentence the appellant for statutory rape. Also, the statutory rape not being a capital crime, it cannot be an aggravating circumstance which will support the death penalty.

Accordingly, the death penalty for kidnapping with bodily injury, aggravated sodomy, is vacated but the conviction for same is affirmed and the case remanded to the trial court for a resentence hearing for kidnapping with bodily injury, aggravated sodomy. *Redd v. State,* 242 Ga. 876 (1979). The simple kidnapping conviction of the younger child and the sentence of twenty years for that crime is affirmed.

The murder conviction of the younger child and the sentence of death for that crime is affirmed. The death penalty is properly supported by a finding of kidnapping with bodily injury, aggravated sodomy of the older child. Aggravated sodomy may supply the element of bodily injury required by the kidnapping offense, and there is ample evidence in the record of such bodily injury. This is a capital crime and is an aggravating circumstance which will support the death penalty for the crime of murder.

2. Based on the foregoing correction to the original opinion the judgment line is amended to read as follows:

a. The conviction of simple kidnapping of the younger girl and the sentence of twenty years is affirmed.

b. The conviction of murder of the younger girl and the sentence of death is affirmed.

c. The conviction of kidnapping of the older girl with bodily injury is affirmed with direction that the death penalty be vacated and a resentence hearing be held.

d. The conviction of rape of the older girl is affirmed with direction that the defendant be sentenced by the trial court for the crime of statutory rape. The death sentence for rape is vacated.

*All the Justices concur.*

*Judgment affirmed in part, vacated in part, and remanded with direction. All the Justices concur, except Hall, J., who concurs specially as to Divisions 6 and 7. Division 1 restated.*

DECIDED FEBRUARY 6, 1979.

*Grubbs & Platt, Adele W. Platt, William Holley,* for appellant.

*Thomas J. Charron, District Attorney, Joseph L. Chambers, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.