## 35524. TUCKER v. THE STATE.

NICHOLS, Chief Justice.

Richard Tucker, Jr., was indicted, tried and convicted for murder and kidnapping with bodily harm. He was sentenced to two death penalties. After his motion for new trial was overruled, this appeal followed.

The evidence revealed that the victim was kidnapped from a hospital parking area on a Friday evening and was forced to drive to a secluded area in the rear of an abandoned warehouse. The defendant robbed the victim, killed her by hitting her on the head with an iron pipe, and then stripped the body of all clothing. After burning the victim's clothing, the defendant left the scene in the victim's car. The body was not discovered until the following Tuesday afternoon.

1. The first and fourth enumerations of error complain of the overruling of defendant's motion in limine and the admission into evidence of four photographs of the nude and partially decomposed body of the victim. The defendant contends that the photographs could not prove identity, cause of death, or have any other probative value, and were introduced to inflame and prejudice the jury.

The photographs in question depict relevant and material facts as to the time of death, the location of the body, and the necessity for the introduction of circumstantial evidence to identify the deceased. See *Stevens v. State,* 242 Ga. 34 (5) (247 SE2d 838) (1978) and cits. There is no merit in these enumerations of error.

2. The second and third enumerations of error contend that the trial court erred in admitting testimony of the examining doctor regarding a "medium brown caucasian pubic hair" found on an item of the defendant's clothing, and regarding the possibility of a sexual assault upon the victim by the defendant. The examining doctor testified that due to the body's decomposure, there was no way to tell if the victim had been sexually assaulted.

In his confession the defendant stated that after he killed the victim, he undressed her. The hair found on his clothing was introduced as evidence to connect the defendant with the victim, and not as evidence of a sexual assault. The testimony of the examining doctor effectively eliminated any issue of sexual assault, which was therefore favorable to the defendant. Additionally, there was no objection to this testimony. There is no merit in these enumerations of error.

3. In the fifth enumeration of error, the defendant contends that the trial court erred in overruling his motion to suppress and in admitting his confession.

Tucker gave two statements to the investigating officers, one on the day he was returned from Atlanta and one on the following day. Before each statement was given, the officers explained his rights, and he signed a written waiver. A full hearing was held on the defendant's motion to suppress during which the two officers who took his statements testified. The defendant offered no evidence in rebuttal.

Unless factual credibility findings of a trial court in determining the voluntariness of a defendant's statement or confession are shown to be clearly erroneous, those findings must be accepted by this court. *Natson v. State,* 242 Ga. 618 (250 SE2d 420) (1978); *Hurt v. State,* 239 Ga. 665 (2) (238 SE2d 542) (1977); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974). There is no merit in this enumeration of error.

4. The seventh enumeration of error contends that in violation of Code § 81-1104 the trial court expressed an opinion regarding the evidence. The alleged comment occurred when a witness referred to the victim by name at a time prior to establishing this fact. Defense counsel objected, and the trial court sustained the objection and instructed the prosecuting counsel to refer to the victim as "an unrecognizable body." The trial court thereafter gave detailed instructions to the jury to disregard the testimony of the witness regarding the body. Following these instructions, the court asked, "Is there anything else?" Defense counsel replied, "No, sir."

No error is shown by this enumeration of error. *Wright v. State,* 223 Ga. 849 (159 SE2d 76) (1968); *Green v. State,* 112 Ga. App. 329 (1) (145 SE2d 80) (1965) and *Bradley v. State,* 137 Ga. App. 670 (8) (224 SE2d 778) (1976).

5. The eighth enumeration of error contends that the trial court erred in charging: "Malice may be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned or malignant heart." The trial court actually charged the word "shall" instead of "may." The charge excepted to is not subject to the criticism that it relieved the state from proving an essential element of the crime. In order for malice to be implied, the state first must prove beyond a reasonable doubt that there was no considerable provocation for the killing, and secondly, that all the circumstances of the killing show an abandoned or malignant heart. The inference in the present case does not "undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." Rather, it leaves the trier of fact "free to credit or reject the inference and does not shift the burden of proof. . ." County Court of Ulster County, New York v. Allen, — U. S. — (99 SC 2213, 60 LE2d 777) (1979).

The charge on implied malice was not subject to the criticism argued. *Burney v. State,* 244 Ga. 33, 39 (6) (1979) (cert. den. Case No. 79-5451, decided 11-26-79). There is no merit in this enumeration of error.

6. The ninth enumeration of error contends that the trial court erred in charging in the language of Code Ann.

§§ 26-603 and 26-604, that: "The acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted." The court further charged substantially in the language of Code Ann. § 26-605: "A person will not be presumed to act with criminal intention, but the trier of fact, that is you the jury, may find such intention upon consideration of the word, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted."

There was no issue made at the trial concerning the defendant's intent to commit the offense. In his confession the defendant stated: "I feel the need that I want to do something wrong to somebody — I want to take something — take some money or something. I don't know — I can't explain it." There also was other direct evidence as to intent.

"... [W]e find as a matter of law no error in the charge as a whole as given. This was not the kind of mandatory presumption presented in Sandstrom, which could have been interpreted by reasonable jurors as either conclusive or burden-shifting. As the court wrote, Sandstrom's jury 'were not told that the presumption could be rebutted ...'" *Skrine v. State*, 244 Ga. 520 (260 SE2d 900) (1979). There is no merit in this enumeration of error.

### Sentence Review

In our sentence review, we have considered the aggravating circumstances found by the jury and the evidence concerning the crime and the defendant. We have reviewed the sentence as required by Ga. L. 1973, p. 159 et seq. (Code Ann. § 27-2537 (c) (1-3)), as we have in each case involving a death penalty under this statute. We find that the evidence factually substantiates the verdict and overwhelmingly supports a finding of guilt beyond a reasonable doubt by a rational trier of fact. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

In the sixth enumeration of error, appellant argues that because the identity of the victim was proven by circumstantial evidence, the imposition of the death

penalty as to him was disproportionate. The victim's body was unrecognizable due to deterioration. The victim's husband identified a wedding ring taken from the body as belonging to his wife. Likewise, a watch admittedly taken from the victim by the appellant was identified by the victim's husband as being the watch he had given her. The body further was identified through dental records. The state's evidence adequately established that the victim was Mrs. Edna Sandefur. See *Stevens v. State,* 242 Ga. 34 (247 SE2d 838) (1978). Therefore, the proof of the victim's identity by circumstantial evidence furnishes no ground to attack appellant's sentence as being disproportionate.

The appellant in this case had been convicted of a prior murder and had served 13 years of a life sentence. He was paroled six months prior to the commission of the crimes charged in the instant case. Defense counsel introduced evidence of the parole during the sentencing phase. Thereafter, the district attorney argued to the jury that if a life sentence was imposed, the Board of Pardons and Paroles again could allow parole. This argument was in direct violation of Code Ann. § 27-2206.[1] However, defense counsel made no objection as required by the statute nor did defense counsel move for a mistrial. Instead, he used to his advantage the fact of the prior parole by arguing to the jury that appellant would serve a full life sentence because the Board of Pardons and Paroles would not grant parole a second time. Under these circumstances it was not error for the trial court to fail to grant a mistrial on its own motion. *Young v. State,* 65 Ga. 525 (1880); *Ozburn v. State,* 87 Ga. 173 (13 SE 247) (1891). During the trial a party cannot ignore what he thinks to be an injustice then take his chance on a favorable verdict and complain later. *Joyner v. State,* 208 Ga. 435 (67 SE2d 221) (1951).

---

[1]"27-2206. *Counsel prohibited from arguing possibility of executive clemency; mistrial for violation of rule.* No attorney at law in a criminal case shall argue to or in the presence of the jury that a defendant, if convicted, may not be required to suffer the full penalty imposed by the court or jury, because pardon, parole, or clemency of

A defendant is not permitted to introduce evidence of a prior parole, fail to object to the state's argument to the jury of the possibility of parole, argue a reference to parole himself and later obtain a new trial based upon such argument after an unfavorable verdict. See *Tamplin v. State,* 235 Ga. 20 (218 SE2d 779) (1975). We find that the sentence of death was not imposed under the influence of passion, prejudice or any other arbitrary factor.

From the evidence presented at trial, the jury was authorized to find beyond a reasonable doubt the following aggravating circumstances as to the crime of murder: (1) the murder was committed while the defendant was engaged in another capital felony, to wit: kidnapping with bodily injury; Code Ann. § 27-2534.1 (b) (2); (2) the murder was committed by a person with a prior record of a capital felony; Code Ann. § 27-2534.1 (b) (1); and (3) the murder was committed for the purpose of receiving money or other things of monetary value; Code Ann. § 27-2534.1 (b) (4).

In addition, the jury was authorized to find beyond a reasonable doubt the following aggravating circumstance regarding kidnapping with bodily injury: that the kidnapping with bodily injury was committed by a person with a prior record of a capital felony (Code Ann. § 27-2534.1 (b) (1)).

The jury was authorized to sentence the appellant to death for murder and also to death for kidnapping with bodily injury, since the victim was killed. *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975); *Pryor v. State,* 238 Ga.

---

any nature may be granted by the Governor, State Board of Pardons and Paroles, or other proper authority vested with the right to grant clemency. If counsel for either side in a criminal case should so argue to the jury, opposing counsel shall have the right to immediately request the court to declare a mistrial; and in which case, it shall be mandatory upon the court to declare a mistrial; and upon failure so to do, same shall constitute reversible error.

"This section shall be construed as setting forth regulations in addition to those provided for in section 24-3319 and section 81-1009."

698 (234 SE2d 918) (1977); *Potts v. State*, 241 Ga. 67 (243 SE2d 510) (1978).

We have reviewed the trial court's instructions to the jury in the sentencing phase of the trial and find that the charge is not subject to the defects dealt with in *Fleming v. State*, 240 Ga. 142 (240 SE2d 37) (1978) and *Hawes v. State*, 240 Ga. 327 (240 SE2d 833) (1978).

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed, and we find the following similar cases listed in the appendix support affirmance of the death penalty. According to the evidence, this was a callous, intentional, methodical kidnapping and murder of a helpless victim. Diverse juries in widely separate counties have imposed the death penalty under these circumstances. Appellant's sentence to death for murder and kidnapping with bodily injury is not excessive or disproportionate to the penalty imposed in similar cases considering the crime and the defendant.

*Judgment affirmed. All the Justices concur, except Clarke, J., not participating.*

ARGUED OCTOBER 10, 1979 — DECIDED JANUARY 3, 1980 — REHEARING DENIED JANUARY 23, 1980.

J. *Robert Sikes*, for appellant.

W. *Donald Thompson, District Attorney, Charles Weston, Willis B. Sparks, III, Assistant District Attorneys, Michael R. Johnson, Staff Assistant Attorney General*, for appellee.

APPENDIX.

*Henderson v. State*, 227 Ga. 68 (179 SE2d 76) (1970); *Jarrell v. State*, 234 Ga. 410 (216 SE2d 258) (1975); *Davis v. State*, 236 Ga. 804 (225 SE2d 241) (1976); *Stanley v. State*, 240 Ga. 341 (241 SE2d 173) (1977); *Thomas v. State*, 240 Ga. 393 (242 SE2d 1) (1977); *Moore v. State*, 240 Ga. 807 (243 SE2d 1) (1978); *Potts v. State*, 241 Ga. 67 (243 SE2d 510) (1978); *Sprouse v. State*, 242 Ga. 831 (252 SE2d 173) (1979).

*Presnell v. State,* 243 Ga. 131 (252 SE2d 625) (1979).