## 58886. BISSELL v. THE STATE.

CARLEY, Judge.

Bissell was indicted and tried for aggravated assault with intent to rape. The jury returned a verdict finding him "guilty as charged." He appeals.

1. Bissell urges that the charge to the jury failed to include an instruction that an essential element of the crime charged was a "substantial step" toward the commission of the rape. Citing *Riddle v. State,* 145 Ga. App. 328 (243 SE2d 607) (1978), he contends that the following charge, or its substance, should have been given: "In order to warrant a conviction against the Defendant on the offense of aggravated assault as charged in this case, the State must prove beyond a reasonable doubt that the Defendant had begun the perpetration of the crime of rape. Proof of a threat of rape or an act in preparation of that crime are insufficient." This argument is without merit.

The essential elements of the crime Bissell was charged with are: (1) An assault (as defined in Code Ann. § 26-1301) on the victim; and (2) aggravation of that assault by an intention to rape. *Smith v. State,* 140 Ga. App. 395 (231 SE2d 143) (1976). *Riddle* merely states that since assault is an "attempted" battery, there must be a "substantial step" toward committing a battery before there can be an assault. Code Ann. § 26-1001. The "substantial step" requirement thus relates to the first essential element of Code Ann. § 26-1302, the assault, and not to the second element, the intent to rape. The crime of aggravated assault with intent to rape is complete when there is a "substantial step" toward a battery of the victim, i.e., an assault, coupled with an intent to rape. Cf. *Leach v. State,* 143 Ga. App. 598, 599 (1) (239 SE2d 177) (1977). If there is a substantial step toward the rape itself, the crime would then become attempted rape. Code Ann. § 26-1001; Code Ann. § 26-2001. The transcript here indicates that the trial court charged on simple assault, in the language of Code Ann. § 26-1301; on aggravated assault, in the language of Code Ann. § 26-1302; on intention, in the language of Code Ann. § 26-605; and on rape, in the language of Code Ann. § 26-2001. The jury

was further charged that "the intent to commit the offense of rape is an essential element of the indictment, and the State is required to show this beyond a reasonable doubt." This was a proper and sufficient charge on the elements of the crime of aggravated assault with intent to rape. *Smith v. State,* 140 Ga. App. 395, supra; *Powers v. State,* 150 Ga. App. 25 (256 SE2d 637) (1979). See also *Ledford v. State,* 237 Ga. 628, 629 (3) (229 SE2d 403) (1976). The evidence here clearly shows Bissell made a "substantial step" toward committing a battery on the victim, i.e., assaulted her, and that with that assault there was a concurrence of his intent to rape her. *Allen v. State,* 142 Ga. App. 732 (237 SE2d 9) (1977). Compare *Dorsey v. State,* 108 Ga. 477 (34 SE 135) (1899). The charge as given was full, fair and complete. There was no error.

2. The trial court instructed the jury on the form of their verdict if they should find Bissell guilty of aggravated assault with intent to rape. It also instructed as to the form of the verdict should Bissell be found not guilty. The trial court also instructed on the lesser included offense of simple assault, in the following manner: "[I]f after consideration of all the facts and circumstances and evidence in this case you do conclude that the defendant is not guilty of the offense of aggravated assault, the Court charges you that you may then consider whether not the defendant is guilty of the lesser included offense of simple assault . . . Thus, although you find that the crime of aggravated assault with intent to commit rape has not been committed . . . as charged, *you may find that a simple assault has occurred.* A simple assault is committed when a person either, A, attempts to commit a violent injury to the person of another or, B, commits an act which places another in reasonable apprehension of immediately receiving a violent injury." (Emphasis supplied.) The court failed to specifically instruct as to the form of the verdict if the jury should find Bissell guilty of simple assault. On this basis Bissell urges that the verdict finding him "guilty as charged" is unclear and must be viewed as one for conviction of the lesser offense, assault, rather than the greater, aggravated assault. *Presnell v. State,* 241 Ga. 49, 51 (243 SE2d 496) (1978), revd. on other grounds, 439

U. S. 14 (99 SC 235, 58 LE2d 207), case on remand, 243 Ga. 131 (252 SE2d 625) (1979). We find this argument to be unpersuasive.

While it is clearly the better practice to instruct the jury as to the form of their verdict if they should find the defendant guilty of a lesser included offense of that charged in the indictment (*Hardrick v. State,* 96 Ga. App. 670, 672 (3) (101 SE2d 99) (1957)), construing the entire charge in the instant case, especially that portion above quoted, we deem it sufficient to instruct the jury as to the elements of the lesser included crime of assault, as to the jury's duty to consider its application to the facts and as to their obligation in the event Bissell were found guilty of that offense. Cf. *Yancy v. State,* 173 Ga. 685, 686 (2) (160 SE 867) (1931); *Germany v. State,* 235 Ga. 836, 844 (5) (221 SE2d 817) (1976). This being so, the question becomes merely whether a verdict of "guilty as charged" returned on an indictment for aggravated assault with intent to rape, construed in the light of the issues actually submitted to the jury under the instructions of the court, is a verdict of guilty of the greater offense. Code Ann. § 27-2301; *Henson v. Scoggins,* 203 Ga. 540, 541 (2) (47 SE2d 643) (1948). In the portion of the jury instructions quoted above, the trial court told the jury that, although they found that the crime of aggravated assault with intent to rape had not been committed *"as charged,"* they could find that a simple assault had occurred. Clearly, the jury was given mutually exclusive choices: Appellant was not guilty, was guilty of simple assault, or was guilty of aggravated assault with intent to rape, *as charged.* The jury's verdict parroted the language the trial court associated with a verdict of guilty of aggravated assault. We are of the opinion that the verdict here was that Bissell was guilty of aggravated assault. A general verdict of guilty is by intendment of the law a verdict that the defendant is guilty of the highest offense charged in the indictment. *Miller v. State,* 60 Ga. App. 682 (1) (4 SE2d 729) (1939). Furthermore, while Bissell's counsel asked for and received a poll of the jury, there was absolutely no objection or exception to the form of the verdict after the publication thereof and before the dispersal of the jury. The general rule in civil cases is that any irregularity in

the form of a verdict is waived in the absence of objection at the time of its rendition because any formal error can be corrected before the jury is discharged. *Folds v. Reese,* 140 Ga. App. 291 (231 SE2d 808) (1976). We know of no reason to apply a lesser standard in criminal prosecutions. Compare Code Ann. § 70-207 making inapplicable to criminal cases the requirement of objections to the trial court's instructions to the jury. The trial court did not err in entering judgment on the verdict. Cf. *Presnell v. State,* 241 Ga. 49, 60 (12), supra, case on remand, 243 Ga. 131, supra.

3. Bissell contends that unbeknownst to him one of the jurors was "intoxicated" at the time of the trial, having smoked marijuana prior thereto, the effect of which influenced his judgment. On this ground, it is urged that a new trial should be granted. *Wall v. State,* 126 Ga. 549 (55 SE 484) (1906). We do not agree. Pretermitting the *merits* of Bissell's attack on the verdict rendered by the jury for the reason urged, it is supported solely by the affidavit and testimony of the allegedly erring juror himself. Code Ann. § 110-109 provides: "The affidavits of jurors may be taken to sustain but not to impeach their verdict." "As a matter of public policy, a juror can not be heard to impeach his verdict, either by way of disclosing the incompetency or misconduct of his fellow-jurors, or by showing his own misconduct or disqualification from any cause. [Cits.]" *Bowden v. State,* 126 Ga. 578 (1) (55 SE 499) (1906); *Williams v. State,* 206 Ga. 757 (58 SE2d 840) (1950). Thus the only evidence in support of Bissell's attempt to demonstrate the juror's incompetency is itself incompetent to impeach the verdict and cannot be considered. *Peagler v. Huey,* 183 Ga. 677 (3) (188 SE 906) (1936); *Reece v. State,* 208 Ga. 690, 691 (1) (69 SE2d 92) (1952); *Thompson v. State,* 4 Ga. App. 649, 653 (62 SE 99) (1908); *Gainer v. State,* 142 Ga. App. 871, 872 (3) (237 SE2d 235) (1977); *Campbell v. State,* 143 Ga. App. 445, 446 (238 SE2d 576) (1977). None of Bissell's constitutional rights is violated by this result. *Shouse v. State,* 231 Ga. 716 (203 SE2d 537) (1974). The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Deen. C. J., and Shulman, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED FEBRUARY 11, 1980 —
REHEARING DENIED FEBRUARY 22, 1980 —

*Margaret H. Thompson*, for appellant.

*M. Randall Peek, District Attorney, Madeline S. Griffin, Robert F. Mumford, Assistant District Attorneys*, for appellee.